## P. W. GATES & CO. v. HAMILTON AND DISHON.

1. CONSIDERATION: EXTENSION OF TIME. The execution of a new note with security in part payment of a promissory note, constitutes a sufficient consideration to support an agreement to extend the time of payment.

2. CONTINUANCE: ABSENCE OF A PARTY. When a party asks for a continuance on the ground of his inability to attend the trial, and that his evidence is material, the court should require a stricter showing of diligence or cause for such absence, than is required when the witness is not a party.

*Appeal from Marshall District Court.*

SATURDAY, JUNE 8.

THE material facts are presented in the opinion of the court.

*Boardman* and *Wilson* for the appellants.

*Huff* for the appellees.

BALDWIN, J.—The defendants appeal from an order of the court overruling an application for a continuance. The suit is upon a promissory note signed by the defendants jointly. The defendant Dishon, in his answer, claims that Hamilton was the principal, and that he was surety only, although such does not appear from the note itself. He also claims that the plaintiffs in consideration of his (Dishon's) executing to them a new note with one Able as security, in part payment of the note sued on, agreed to extend the time for the payment of the note on which he now seeks to recover, until a certain note on one Prince & Co., should be prosecuted to final judgment, and a return of *nulla bona* indorsed on the execution issued thereon.

By the assignment of errors two questions are presented for determination: *First*, Had the defendant (the absent witness,) been present and testified as claimed in the motion for a continuance, would such testimony have availed him anything in his defense to this action? We are of the opin-

R. W. Gates & Co. v. Hamilton and Dishon.

ion that it would. Although the note given by Dishon to the plaintiffs was in part payment of the note sued on, and for which he was primarily liable, yet the giving of Able as security was a sufficient consideration for the extension of the time of payment, and the agreement of plaintiffs to make such extension would have been a defense to their right of recovery.

Second, Does the application of defendant show such a state of facts as would justify the District Court in granting a continuance? This application was made after the taking effect of the Revision of 1860, which, by § 3980, provides that no person, whether he is a party to the suit or otherwise, shall be disqualified, by reason of his interest, from being a witness. While we are of the opinion that there might exist such a state of facts as would entitle a party to continuance where his own evidence is material, as where sickness, or other causes over which he can have no control, prevent his attendance at the trial; yet we think it the duty of the court to require a much stricter showing of diligence, or cause for such absence, than where the witness is not a party. The affidavit is made by the attorney of defendant, and granting that it is in every respect true, yet in our opinion it fails in showing such a state of facts as would justify us in interfering with the discretion of the District Court in refusing a continuance. It appears from the affidavit that the witness was in attendance during the term, until the day previous to the trial, when he was unwell and went home; and that the affiant understood that the witness was unable on account of his sickness to return for said trial. The affiant does not state how he obtained this information, nor does he state that he believes himself such information to be true. We can readily see, under such an affidavit as this, how the rights of the opposite party might be prejudiced by a designing suitor wishing to avoid a judgment.

Judgment affirmed.