JAMES P. POND,

*v.*

MARIA E. CARPENTER, and WARREN CARPENTER, *et al.*

A married woman cannot, either at law or in equity, bind her person or her property generally by contract, and the only remedy allowed will be against her separate property.

The *act of* 1851, *Comp. Stat.*, *Ch.* 61, *sec.* 106, did not remove the general disability to contract imposed by coverture, nor allow a wife living with her husband to make herself personally liable on her contracts. The power of a married woman to charge her separate estate acquired and held under the act of 1851, in the absence of any restriction imposed on her power of disposal, by the instrument conveying to her the property, will be determined by that act; the only restriction imposed upon her power to dispose of her estate, real or personal, under this statute, is that she must obtain the consent of her husband, or an order of the district court.

A married woman may charge her estate with the consent of her husband. In an action against a wife and her husband, the complaint alleged "that goods, wares and merchandise were sold and delivered to the wife, for her sole use and benefit, and on credit of her separate estate and property, at her instance and request, and at the instance and request of her husband, and that the defendants jointly and severally promised to pay for them." *Held*, on demurrer to the complaint,

1. That the allegation of the sale to the wife, in the manner stated, at the instance and request of her husband, is a sufficient allegation of the consent of the husband to the charge of her separate estate by the wife.

2. The fact that the husband under these circumstances assumed a joint and several liability for the indebtedness, does not deprive the creditor of his remedy against the separate property of the wife.

This action was brought in the District Court for Ramsey County. The allegations of the complaint, sufficient for an understanding of the case, are substantially as follows: that

the defendant Maria E. Carpenter, who is the wife of the defendant Warren Carpenter, was the owner of a hotel and furniture therein, and with the consent of her husband was keeping such hotel in her own name, on her own account, for her own exclusive use and benefit, and that while so doing, she purchased of and from the plaintiff goods, &c., of the value of $672.80, to be used and consumed in and about such hotel business, and the plaintiff sold the goods on the credit and faith of her separate property, the value of which was enhanced thereby, and that the defendants Maria E. Carpenter and Warren Carpenter promised to pay said sum of $672.80 : that said Warren Carpenter is wholly insolvent, &c,: plaintiff claims judgment for the amount of the said goods, and that the same should be satisfied out of the separate property of Maria E. The defendants Maria E. and Warren Carpenter interposed a general demurrer, which was overruled, with leave to answer &c.,; and from the order overruling the same the defendants appeal to this court.

Henry J. Horn, for Appellants.

Brisbin & Warner, for Respondent.

*By the Court.*—McMillan, J. This is a demurrer by the defendants to the complaint on the ground that it does not contain facts sufficient to constitute a cause of action.

The plaintiff claims that the complaint is sufficient on two grounds.

1. Upon the facts alleged he is entitled to the ordinary money judgment against both Mr. and Mrs. Carpenter, on their joint and several promise, and execution against the property of either of them, as in ordinary cases:

2. That the facts alleged entitle the plaintiff, in equity, to the relief sought against the separate property of Mrs. Carpenter.

We shall consider these positions in their order. It is clearly established that a married woman cannot, either at law or in equity, bind her person or her property generally by contract, and the only remedy allowed will be against her separate property. 2 *Story Eq. Jur.*, *Sec.* 397, *note* 3 *and authorities cited.* The statute of 1851, *Rev. Stat. Ch.* 71, *Sec.* 105, *page* 365, *Comp. Stat. Ch.* 61, *Sec.* 106, did not remove the general disability to contract imposed by coverture, nor allow a wife living with her husband to make herself personally liable on her contracts. *Leonard vs. Carpenter*, 5 *Minn.*, 156. The first point made by the respondent, therefore, is not tenable.

We are also to consider, whether upon the facts stated in the complaint, the plaintiff is entitled to the relief sought against the separate property of Mrs. Carpenter. While a married woman cannot, either at law or in equity, bind herself personally by any contract she may make, yet her separate estate will, in equity, be held liable for all the debts, charges, incumbrances and other engagements which she does, expressly or by implication, charge thereon, in any manner not inconsistent with the instrument by which she acquires her title to the property.

As this is a demurrer to the complaint, we must assume from the allegations in the complaint, that the defendant Maria E. Carpenter had an estate separate from her husband, and that it was acquired and held under the statute of 1851 above referred to; her power to charge the estate therefore, in the absence of any restriction imposed on her power of disposition by the instrument conveying the property to her, will be determined by this statute. The only restriction imposed upon her power to dispose of her estate, real or personal, under this statute, is that she must obtain the consent of her husband, or an order of the district court; if she has the power to dispose of her estate with the consent of her husband, she

has the power to charge it under the same circumstances.

The complaint alleges, that the goods, wares and merchandize were sold and delivered to her for her sole use and benefit, and on credit of her separate estate and property, and at her instance and request, and at the instance and request of her husband, and that the defendants jointly and severally promised to pay for the same. We think the allegation of the sale to the wife, in the manner alleged, at the instance and request of her husband, is a sufficient allegation of the consent of the husband to charge her separate estate by the wife. The sale. having been made to the wife, for her sole use and benefit, and upon the credit of her separate estate, with the consent of her husband, the fact that the husband also assumed a joint and several liability for the indebtedness, does not deprive the creditor of his remedy against the separate property of the wife. We think the complaint states facts sufficient to constitute a cause of action.

The order overruling the demurrer is affirmed.