## G. W. POLLEN *v.* JOHN C. JAMES.

1. PROMISSORY NOTE—THE SPECIFICATION IN THE NOTE OF A PARTICULAR CONSIDERATION MAY BE VARIED BY PAROL.—The statement in a promissory note that it was given in consideration of "money loaned" does not preclude the defense that the consideration was different from that expressed in the note, and that it had failed.

2. MARRIED WOMEN—SUITS AGAINST THEM—THEIR LIABILITY ON CONTRACTS.—To warrant a recovery against a married woman on her contract, it must appear, not only that she had separate property, but that her promises were such as she is made competent by the statute to make.

3. SAME—NO POWER TO CONTRACT FOR THE PURCHASE ON CREDIT OF A SLAVE.—A married woman has no power, under the statute, to contract for the purchase of a slave on credit, as held by this court in Whitworth et al. v. Carter.

4. PRACTICE—IN SUIT AGAINST TWO, UPON ISSUE AS TO ONE, JUDGMENT AGAINST "DEFENDANT" IS IRREGULAR WITHOUT DISMISSAL AS TO THE OTHER.—In a suit against husband and wife on their joint note, where the suit is abandoned as to the wife, the record should show a formal dismissal as to her.

ERROR to the circuit court of Choctaw county. COTHRAN, J.

Defendant in error, being plaintiff in the court below, declared on the joint note of George W. Pollen and S. A. Pollen, his wife, which note was given to defendant in error. The declaration shows that the defendant, S. A. Pollen in court below, was the wife of George W. Pollen, the other defendant, and shows no ground of liability of the wife except that she had separate property in her own right and

in her own name, consisting of lands, negroes, horses, mules, cows, hogs, sheep, household and kitchen furniture free from the right, title, claim or control of her said husband, amounting to a sum sufficient to pay said debt, and that S. A. Pollen still owns the separate property aforesaid, except the negroes, etc.

Said note is dated May 16, 1859, payable twelve months after date, *"for money loaned,"* for $445 38, to bear ten per cent interest from date till paid.

Defendants pleaded that the said note was given for the balance due on another note, the consideration of which other and first note was a negro slave, sold by plaintiff to defendant, S. A. Pollen, for $1,110 or thereabouts, and that plaintiff warranted said slave named Susan to be sound in body and mind, whereas she was unsound and diseased at the time of said sale and warranty, and that she was thereby rendered wholly worthless, and that defendants offered soon after said sale, on discovery of the disease and unsoundness of said negro, to return her to the plaintiff, that the consideration of said note was not loaned money as is therein expressed, but was as before recited.

To this plea the plaintiff demurred. The demurrer was sustained and judgment, *respondeat ouster*, given. The defendant then pleaded that the said note sued on was given without any consideration, good or valuable in law. Issue in short by consent.

The issue was decided for plaintiff, and judgment entered against defendant, George W. Pollen.

The errors assigned are :

1. The demurrer of the plaintiff to defendant's plea ought to have been extended to his declaration.

2. Court erred in sustaining plaintiff's demurrer to defendant's plea.

3. The judgment is against one defendant only and shows no disposition of the case as to the other.

*J. Z. George* and *W. R. Barksdale,* for plaintiff in error.

1. The declaration shows, that S. A. Pollen was and is the wife of George W. Pollen, and that they are joint makers of the note sued on, and are jointly sued. No grounds of liability as against the wife, S. A. Pollen, are alleged or set forth in the declaration. "A married woman generally can make no valid contract and her promises are, *prima facie* void." Hardin v. Relan, 41 Miss. 112; Whitworth et al. v. Carter, admr., 43 Miss. 61.

The special grounds of liability of the defendant, S. A. Pollen, should have been set forth.

2. The judge in the court below, in sustaining the demurrer to defendant's plea, proceeded upon the idea that it was nothing more than a proposition to contradict, by parol, the written contract. That, since the note sued on recited in its face that it was for *money loaned*, no other or different consideration could be shown, even to show want or failure of consideration.

So long as the written contract is conceded to exist, it must be the full and final depositary of the terms and agreement of the parties.

But when it is proposed to assail the very bottom on which rests the consideration, this can always be done. 1 Parsons on Bills and Notes, top page, 194; Marsh v. Lisle, 34 Miss. 173, a case in point.

It seems that the case was merely dropped as to S. A. Pollen from the docket. No order of dismissal was ever taken. This was certainly erroneous.

No counsel for defendant in error.

SIMRALL, J. :

The rule upon this subject is thus laid down, by Parsons, in his treatise on Bills and Notes, vol. I, 194: "Any statements in a bill or note respecting the consideration may be explained or contradicted by parol evidence. It may be shown, notwithstanding any such statement, either that there was no consideration at all, or

that the *consideration was different from that stated.*"    In Abbott v. Hendrick, 1 Man. & G. 791, the consideration was stated to be "for commissions due the plaintiffs for business transacted for the defendant." The defendant pleaded that the real consideration of the note was for services to be thereafter rendered, which never had been performed.    The judges in *seriatim* opinions, all concur that you cannot vary or contradict the terms of the contract by parol, as, where absolute, you cannot show in evidence that the promise was contingent or conditional.    All agree that, notwithstanding the expression in the body of the note "value received," the defendant may show that there was none, and when special consideration is stated, that it has failed.    Maule, J., said: "The cases show that although a consideration is stated in the note, you may prove that it was given for a *different consideration*, or without any consideration at all."    3 Phillipp Ev. (Cow. & Hill) 1458, note ; Baker v. Prentiss, 6 Mass. 430 ; Buckles v. Cunningham, 6 Smedes & Marsh. 365.

The special objection. taken to the plea in the demurrer is, that it contradicts that part of the note which sets out the consideration.    The averment is, that the note was given for a slave, warranted sound, but which was unsound and valueless.    The plea says the note rests upon a different consideration, than "money loaned," and the consideration has failed.    If the note had omitted altogether the consideration, and the defense were a want or entire absence of consideration, the authorities are uniform, that, notwithstanding the words "value received" in the body of the note, the maker may prove a want of consideration.    So, too, if the consideration be illegal, such expression does not shut off testimony of the true nature of the transaction. We think the plea is good, and the demurrer ought to have been overruled.

The declaration does not disclose a right of action against Mrs. Pollen.    The married woman must not only be the owner of separate property, but the pleading must discover

that her promise or engagement was in reference to a subject about which she is made competent by the statute to bind herself and her property. Whitworth & Troup v. Carter, 43 Miss. 61; Dunbar et ux. v. Meyer, Deutch & Co., ib. 685; Hardin v. Phelan, 41 ib. 114. If the plea declares the real consideration of the note, the case is precisely like Whitworth & Troup v. Carter, and falls within the doctrine of that case. But the record shows no formal disposition of the case as to Mrs. Pollen. It is inferable that the suit was, in reality, abandoned as to her, but there is no entry of dismissal. For all that appears, the verdict and judgment may as well refer to her as her husband. The issue is found for plaintiff, and damages assessed. The judgment is, that plaintiff recover from "defendant," but which defendant is not named.

The judgment is reversed, and judgment entered here overruling the demurrer to the plea, and cause remanded for further proceedings.