Doyle v. McGuire.

*3. ——: promise after maturity.*

*4. ——: pleading: proof.*

AFFIRMED.

---

Doyle v. McGuire et ux.

1. **Contract:** LEX LOCI REI SITÆ. The validity of transfers of real estate is determined by the *lex loci rei sitæ.* This rule is applicable not only to the form and manner of the conveyance, but also to the rights of the parties and their capacity to contract.

2. **Husband and wife:** SECURITY. A wife may in good faith loan to her husband money possessed by her in her own right, and take security therefor upon land, which will be a valid lien upon the same, even though the transaction be not witnessed by writings.

| 38 | 410 |
|107 | 536 |
| 38 | 410 |
|108 | 549 |
| 38 | 410 |
|123 | 312 |
| 38 | 410 |
|125 | 281 |

3, ——: RULE APPLIED. Where a deed to certain real estate was made to an agent of several purchasers, one of whom subsequently pledged his interest in the land to his wife as security for advances of money to him by her, it was *held* that the pledge gave her a lien upon the land, notwithstanding no note had been given for the money, or mortgage or conveyance executed to her by her husband.

### *Appeal from Scott District Court.*

### WEDNESDAY, JUNE 10.

ACTION in chancery to subject certain land to a judgment recovered by plaintiff against James McGuire, the husband of the other defendant. The facts of the case, as disclosed by the brief, are as follows: In 1856 James McGuire and another furnished John W. Thompson a certain sum of money with which to purchase the land in controversy. The deed for the land was made to Thompson, and he was to hold a contingent interest therein dependent upon the result of the speculation, when the land should be sold; subject to this interest, the land was to be held by him for the parties supplying the means to purchase it. In 1865 James McGuire became indebted to plaintiff, who recovered judgment on his claim in Virginia. Suit was brought to recover a balance due on this judgment in 1871, in the District Court of Scott County, and the land in question was attached; judgment in this action was rendered in February, 1873.

In January, 1866, James McGuire married the other defendant, Nannie N. McGuire, who was possessed of about $3,100 in money of her own, and about $8,200 as trustee for certain relatives. In July, 1866, she loaned her husband $1,500. In September of the same year she loaned him $1,600 and received from him as security for the several sums loaned $3,000 in U. S. bonds. In February, 1867, she loaned him the additional sum of $1,175, and gave up the bonds she held as security for prior advances upon the agreement that she should have security for the several sums advanced upon the land in controversy. There was no conveyance or transfer of the husband's interest in the land to secure the wife, for the reason that the title was held by

Thompson. Prior to this, the husband repaid $600 of the money borrowed as aforesaid. There were no notes or other writings given by the husband upon receiving these loans. In January, 1868, Thompson, upon direction of James McGuire, conveyed his interest in the land to his wife. It was at this time agreed between them that the land should be taken by the wife in full satisfaction of the sums borrowed from her by the husband.· Of the money advanced by her, $1,675 were of the trust funds in her possession. All these transactions and agreements between the husband and wife were made in Pennsylvania, where they then resided.

The court found for defendant, Mrs. McGuire, holding that the land was held by her as security for the loans made to her husband. The decree provided that the claim of the wife shall be a lien prior to plaintiff's attachment, and that the land be sold and the proceeds be first applied in payment of the sums found due Mrs. McGuire, with interest. The plaintiff appeals. Other facts involved in the case appear in the opinion.

*Bills & Block*, for appellant.

*John W. Thompson, James T. Lane*, for appellees.

BECK, J.—I. We are first to determine under what law the rights of the parties are to be settled so far as the transactions

1. CO TRACT:
lex loci rei
sitæ.

between the husband and wife are concerned. These transactions involve the title to lands in this state; upon the contracts for the loan of money and security therefor rests the wife's right to the land in controversy. Are these contracts governed and enforced by the laws of Iowa? This is our first inquiry. The rule is that the validity of transfers of real estate is determined by the *lex loci rei sitæ*. This rule is applicable not only to the form and manner of the conveyances or contracts affecting lands, but to the rights of parties thereto, and to their capacity to contract. *Loving v. Pairo et al.*, 10 Iowa, 283; *U. S. v. Crosby*, 7 Cranch, 115; *Clark v. Graham*, 6 Wheat., 577; *Johnson v. McIntosh*, 8 Wheat., 543; *Kerr v. Moon*, 9 Wheat., 565;

*McCormick v. Sullivant*, 10 Wheat., 192; *Oakley v. Bennet*, 11 How., 33; Story's Conflict of Laws, §§ 363, 364, 365, 369, 432, 448, 454, 463.

Mrs. McGuire's title to and interest in the land depends upon the validity of the contract for the loan of money and security therefor, made with her husband and upon her capacity to make such contracts. Her capacity and the validity of their contracts, as upon these rests the title to land situated in this state, must be determined by the law prevailing here.

II. Under our law the right of the wife to loan money possessed by her in her own right, which has not vested in
**2. HUSBAND and wife: security.** her husband, and to take security therefor upon lands, or to receive conveyances of land in payment therefor, cannot be doubted. Neither can it be doubted that such contracts made in good faith with her husband are valid. *In re Alexander*, Oct. Term, 1873, at Dubuque.

Under the laws of this state in force when the transactions under consideration were had, the personal property of the wife did not vest at once in the husband, but if left under his control, it would, in favor of third persons acting in good faith, and ignorant of the real ownership, be presumed to have been transferred to him, unless proper record notice, as prescribed by statute, was given by the wife of her ownership. Rev. §§ 2499, 2500. But money of the wife, loaned to the husband, for which he executes to her his note, will constitute a valid claim against him. *In re Alexander, supra*. But the mere fact that a note or writing was not given by the husband and the wife was secured in some other way, as by a pledge, or the like, will not defeat the right of the wife. The note or writing is simply evidence of the transaction, and by no means determines the rights of the parties.

The loans of Mrs. McGuire to her husband, if they were made in good faith, created a valid claim upon him, and to secure or pay it he could convey or mortgage his lands, or pledge, in any lawful manner, any interest in real estate held by him.

It appears from the evidence, and upon this point there can

be no dispute, that when the last sum was loaned to McGuire, it was agreed that the lands in question should be security for all advances made to him, and upon the strength of this arrangement, the U. S. bonds were given up by the wife. The explanation given for the omission to convey the lands to the wife, namely, the title was in another who held a contingent interest therein, is quite satisfactory. If the claim of the wife upon the husband for the money advanced was valid, originating in good faith, which cannot be denied, no reason can be given why the conveyance as security or payment in pursuance of an agreement between the parties, should not pass the title to the lands.

The court below held that the deed to the wife operated to convey the land as security for the advances. This it certainly did unless it passed to her the title unconditionally. As she does not complain here of the conclusion and decree of the court below upon this point, we are not called upon to determine the character of her interest in the land, whether she holds it absolutely, or as security, but will affirm the decree which gives to her relief with which she appears to be satisfied.

AFFIRMED.