## THE STATE v. KELLY.

1. **Criminal Law** : LIABILITY OF WIFE FOR ACTS DONE IN HUSBAND'S PRESENCE : PRESUMPTION OF COERCION : EVIDENCE TO REBUT. The law presumes that the influence of a husband over his wife is such that she is not held criminally liable for unlawful acts done by her in his presence, unless there is evidence to rebut this presumption, and satisfy the jury that she was exercising a free volition and was guilty of an independent criminal act; and the mere fact that she attempts to conceal her husband's crime does not make her a party to it, but evidence of such efforts on her part may be considered as bearing upon her guilt or innocence of the crime. (Compare *State v. Fitzgerald,* 49 Iowa, 260.)

2. —————— : MURDER BY HUSBAND : COMPLICITY OF WIFE : EVIDENCE. The evidence in this case considered (see opinion), and *held* that it was not sufficient to sustain a verdict of manslaughter,—it not appearing therefrom that, when the murder was committed by defendant's husband, she, if present, took any part therein either by word or act; or, if she did, it did not rebut the presumption that she was coerced by her husband.

*Appeal from Lucas District Court.*—HON. CHARLES D. LEGGETT, Judge.

FILED, JUNE 4, 1888.

INDICTMENT for murder. Trial by jury, and verdict and judgment for manslaughter. Defendant appeals.

*Mitchell & Penick,* for appellant.

*A. J. Baker,* Attorney General, for the State.

ROTHROCK, J.—The defendant was jointly indicted with her husband, Thomas Kelly, for the murder of one

**1. CRIMINAL law: liability of wife for acts done in husband's presence: presumption of coercion: evidence to rebut.** Charles Archibald. Thomas Kelly was first tried. He was convicted, and is now confined in the penitentiary. The evidence shows conclusively that the deceased was brutally murdered by Thomas Kelly, and the question presented to the jury upon the trial of the defendant was whether she participated with her husband in the commission of the crime.

The court gave the jury the following among other instructions:

"The law presumes that the influence of a husband over his wife is such that she is not held criminally liable for unlawful acts done by her in his presence, unless there is evidence to rebut this presumption, and satisfy the jury that the wife in what she did was exercising a free volition, and was guilty of independent criminal action on her own part; and if you find from the evidence that the defendant Margaret Kelly was concerned in the commission of or did the criminal act charged in the indictment to have caused the death of Charles Archibald, or aided or abetted its commission, but that what she so did was done in the presence of her husband, the law presumes, if there is no evidence to the contrary, that she was coerced by her husband to do all such criminal acts as were done by her in his presence; and she cannot be found guilty of such acts by your verdict, unless you find from the evidence that she was exercising, in what she did, a free will to do or not to do, and an independent criminal action on her own part. But if you find from the evidence that she was so exercising a free will, and an independent criminal action, the mere presence of her husband at the time she did any criminal act will not protect her from its consequences. The law does not require a wife to become an informer against her husband, or to expose his crimes or infamies; and if you do not find from the evidence, when considered under the instructions of the

court, that she was concerned in the commission of the criminal acts charged in the indictment, but you do find that after they were committed the defendant did acts tending to conceal the crime of her husband, or to divert suspicion from him, such acts would not render her guilty of his criminal acts. But you may consider evidence of acts done by the defendant after the killing of Charley Archibald, and tending towards such killing, or intending to divert suspicion from defendant or her husband, in connection with the other evidence in the case, as bearing upon her guilt or innocence of the acts charged in the indictment.''

It appears from the evidence that the deceased was a feeble old man, who lived in a house alone; that he had a considerable sum of money; and that he frequently visited the house of defendant and her husband, who lived near to him. He was at their house on the evening of April 7, 1886. On the next morning his dead body was found near his own house. He had been murdered, and his body dragged from the house of the defendant to where it was found. Blood-stains were found in the house of the defendant, and upon the clothes worn by Thomas Kelly. There were other unmistakable evidences that the murder was committed in Kelly's house. A tin can with some twelve hundred dollars in it was found concealed in a coal-house attached to Kelly's house. There is no direct evidence that the defendant participated in the crime. There were no blood-stains found upon her clothing, and, indeed, there is no evidence in the case in any way connecting her directly with the acts of violence which produced the death of Archibald. She admits in her testimony that she was present in her house with her husband and Archibald, and that the first she knew of any intention to do harm to Archibald, her husband struck him, and knocked him from the chair on which he was sitting, and that she then ran from the house, and remained away for a time, and that upon her return Archibald was not there. The fact was that the body had been placed in the cellar

2. —— : murder by husband: complicity of wife : evidence.

of the house ; and it appears pretty clearly that it was removed therefrom in the night, and dragged to the place where it was found on the next morning.   No witness testified to any fact connecting her with any act done in connection with the crime until the next morning.   It appears from the testimony of some of the witnesses that she then did certain acts with the evident purpose of concealing the crime.   These acts consisted of sweeping a walk over which the body had been dragged so as to wipe out the trail or marks made upon the walk by the body, and by covering up certain spots or marks upon the track, by moving her feet backward and forward.   Indeed, there is little doubt from the evidence that the defendant did acts tending to conceal the crime, and divert suspicion from her husband.

We think the law with reference to the criminal responsibility of a married woman was correctly given by the court to the jury in the instruction above set out. See *State v. Fitzgerald*, 49 Iowa, 260 ; 1 Whart. Crim. Law, sec. 71 *et seq.* ; 1 Bish. Crim. Law, sec. 358, *et seq.* But we think if the jury had followed the instruction there was no evidence to warrant a verdict against the defendant.   We have read the evidence with care, and, giving it the fairest and fullest consideration, we fail to find any ground for holding that if the defendant was present when the crime was committed she took any part therein, either by word or act ; and, if she did, there is no evidence rebutting the presumption that she acted under the coercion of her husband.

Complaint is made of the refusal of the court to give certain instructions asked in behalf of the defendant. We think they were rightly refused.   The instructions of the court upon the questions involved were as favorable to the defendant as could fairly be asked.

The judgment will be reversed, and the cause remanded for a new trial, upon the ground that the verdict is without support in the evidence.

REVERSED.