## J. J. TIBBETTS v. G. W. WADDEN, Appellant.

**Husband and Wife:** NECESSARIES. In an action for board furnished
1   the wife, where it appears that the wife was deserted at plaintiff's house, unjustifiably, and that a new abode offered by the husband was unfit, plaintiff is not bound to show that there was a refusal to maintain the wife "elsewhere or at all."

**Practice:** SUIT IN WRONG COUNTY. Pending a motion to transfer to
2   defendant's county, a party living in the county where the suit is pending, is added—compensation is allowed for attendance; etc. *Held,* the motion is rightly denied.

*Appeal from Appanoose District Court.*—HON. W. D. TISDALE, Judge.

THURSDAY, APRIL 4, 1895.

Action at law to recover of the defendant the sum of one hundred and sixty dollars for boarding his wife. There was a trial by jury, and a verdict for the defendant. A motion for a new trial was sustained, and the verdict was set aside, and a new trial ordered. Defendant appeals.—*Affirmed.*

*Porter & Porter* for appellant.

*T. M. Fee* for appellee.

Rothrock, J.—I. It appears from the evidence that the defendant married the plaintiff's daughter in the month of November, 1891, and after that he and his wife made their home with the plaintiff, as boarders in her family, for an agreed compensation. These relations between the parties continued until some time in the month of February following, when the defendant abandoned the plaintiff's house as a place of abode. His wife remained, and this action was brought to recover for boarding the wife from the time the husband absented himself until the commencement of this suit. The plaintiff was the only witness examined on the trial, and it appears from her testimony that there was some sort of a disagreement between the defendant and his wife, but nothing that would justify the defendant in deserting her. We have no hesitancy in saying that the evidence shows affirmatively that he had no just cause for abandoning her. The court set aside the verdict upon what was thought to be error in the instructions given to the jury. The instructions held to be erroneous were as follows: "(7) The husband, in law, is not bound to furnish board and necessaries at any place other than at his own choosing, and it is the duty of the wife to accommodate herself to the surroundings and conditions of

the husband; and if you find from the evidence in this case that the defendant deserted the wife to go to another place and board, and the wife refused, and the plaintiff knew this fact, then the plaintiff cannot recover in this action." "(9) If you find that the plaintiff permitted the defendant's wife to remain with her, unless the plaintiff shows affirmatively that the defendant refused to maintain his wife elsewhere, or at all, you cannot find for the plaintiff, but the verdict should be for the defendant." These two paragraphs of the charge were rightly held to be erroneous, because, under the rule there laid down, the husband might insist on taking his wife into a boarding house where no respectable woman would make her home. And what evidence there is on that subject rather tends to show that one of the places considered was not thought to be suitable for a place of abode. The witness testified in reference thereto as follows: "She (the wife of the defendant) did not want to go to some place that Mr. Wadden mentioned, such as living about the round-house. She had not been brought up to live in that kind of a place." In view of the evidence in the case and the reluctance with which this court interferes with an order awarding a new trial, we conclude that we ought not to reverse the order on this appeal.

II. The defendant filed a motion and affidavit to transfer the cause to Lee county for trial, on the ground that he was a resident of that county. After the motion was filed, the plaintiff amended the petition by making A. E. Wadden, the wife of the defendant, a party, and asked judgment against both the husband and wife. The ruling on the motion was made after the petition was amended, and the motion was overruled, on the ground that the case as then presented was properly triable in Appanoose county. But defendant was awarded costs and

expenses for being compelled to appear in the wrong county as the pleadings stood when the motion was filed. It is not claimed that, if the original petition had been against both the husband and the wife, the motion to transfer should have been sustained; and we think if, when the motion was determined, the record showed that the wife was a party, there was no error in overruling the motion. It is claimed in argument that there had been no service of an original notice on the wife, and that she did not appear to the action. This is urged in argument only. It should have been made to appear in some manner in the record. For aught that appears, this point is presented for the first time in this court. We think there was no error in overruling the motion.

The order of the district court is *affirmed*.