JOSEPH WOOD, Appellant, v. Z. T. DUNHAM AND EMMA L. DUNHAM.

Suit on Note: PERSONAL JUDGMENT. The defense of a married woman, sued jointly with her husband on a note and mortgage made by them, that she signed for the purpose of relinquishing her dower only, is not sufficient to prevent the recovery of a personal judgment against her.

Appeal: OBJECTIONS BELOW. A motion by plaintiff for a judgment against both defendants upon the referee's finding that the female defendant signed the note in suit and the mortgage securing the same for the sole purpose of relinquishing her dower interest is sufficient to save for the purposes of appeal, the objection that her answer averring that she signed only for such purpose but which did not plead fraud or mistake or ask reformation was insufficient.

SAME. Plaintiff cannot urge for the first time on appeal that the defendant's answer did not constitute a defense where it was

treated as sufficient by both parties in the court below notwith-standing Acts Twenty-fifth General Assembly which provides that no pleading shall be held sufficient on account of failure to demur thereto; and strikes from Code, 1873, section 2650, the provision that if no objection is taken to a pleading it shall be deemed waived.

*Appeal from Crawford District Court.*—HON. S. M. ELWOOD, Judge.

TUESDAY, MAY 24, 1898.

ACTION at law upon a promissory note executed by defendants, Z. T. Dunham and Emma L. Dunham, who are husband and wife. The defendants filed an answer and cross-petition in equity, Z. T. Dunham pleading payment and an unsettled account against the plaintiff, and Emma L. Dunham admitting the execution of the note, and further pleading that the note was secured by a mortgage upon real estate, and that she signed both note and mortgage for the sole purpose of relinquishing her dower in the lands covered by the mortgage. The counterclaim was for expenses incurred in defending against plaintiff's claim. The only affirmative prayer for relief is a money judgment upon the counterclaim. In reply plaintiff denied that Emma L. Dunham signed the note simply to release her dower in the land, and further pleaded that she signed the same "as additional security, to gain an extension of time." The cause on the issues thus joined was, on defendants' motion, referred to a referee to take and report the testimony and make a finding of fact. The referee so appointed made his report, finding that no part of the note had been paid, and that Emma L. Dunham signed the note and mortgage for the purpose of releasing her statutory right in the land. The plaintiff moved for judgment against both defendants on this report, but the motion was overruled, and the

court entered a judgment against Z. T. Dunham for the full amount of the note, and dismissed the petition as to Emma L. Dunham. Plaintiff appeals.—*Reversed.*

*MacKenzie, Brockett & Dewey* and *S. E. Wilmot* for appellant.

*M. B. Baily* and *J. A. Traver* for appellees.

DEEMER, C. J.—Defendants moved to transfer the case to the equity side of the calendar. This motion was submitted, but does not appear to have been passed upon. The case did not present any matters of equitable cognizance, and the reference was practically by consent,—as no objection was made or exception taken to the order.

The case was not of equitable cognizance, and the findings of the referee have the force and effect of the verdict of a jury, and, as no exceptions were taken to these findings, the sole question for solution is whether the plaintiff was entitled to judgment against Emma L. Dunham upon the facts found by the referee when applied to the issues presented by the pleadings. No direct attack was made upon the pleadings filed by the appellees, and down to the time appellant filed his motion for judgment all parties seem to have treated the facts pleaded in answer as a good defense to appellant's petition, although neither fraud nor mistake was pleaded nor reformation asked. The motion was based upon the ground "that the defendants both signed the note, and the evidence shows that the said Mrs. Z. T. Dunham signed the note for a good and valuable consideration; and, further, because, on the whole record, the said Mrs. Dunham should be held liable for her signature to the said note." If this case had been tried prior to the time chapter 96, Acts Twenty-fifth General Assembly took effect, there would

be no doubt of the correctness of the decision; for prior to that time it was uniformly held that if matter pleaded as a defense is not attacked by motion or demurrer, and there is testimony to sustain it, it will defeat the action, although it may not amount to a legal defense. *Benjamin v. Vieth,* 80 Iowa, 149; *Bank v. Zeims,* 93 Iowa, 140. The case was tried after the enactment of the twenty-fifth general assembly, which made a change in the statute under which these decisions were rendered. This statute, in effect, provides that no pleading shall be held sufficient on account of failure to demur thereto; and strikes from section 2650 of the Code of 1873 this sentence: "If no objection is taken to it [the pleading], it shall be deemed waived." In construing this act of the general assembly, we held in the case of *Weis v. Morris,* 102 Iowa, 327, that, notwithstanding the provisions of the law, the insufficiency of the pleadings could not be raised for the first time in this court, and that if the parties treated the matter pleaded as a good defense in the trial court they could not come to this court and insist that the answer did not constitute a defense. To cite authorities for the proposition that these matters pleaded in the answer of Emma L. Dunham did not constitute a defense is wholly unnecessary. We have, then, simply this question: Was the insufficiency of the pleading presented to the trial court? An examination of the motion leads us to the conclusion that the question was properly raised. The record shows that appellee Emma L. Dunham signed the note with her husband, that the note is unpaid, and that plaintiff is entitled to recover although she signed the note, as the referee found, simply to release her dower in and to the mortgaged premises. The motion was grounded upon the thought that, considering the whole record showing these facts, plaintiff was entitled to recover. Such motion

would, of necessity, present the question as to the sufficiency of the defense. The trial court held that plaintiff was not, as a matter of law, entitled to a judgment against the wife, because of the matters pleaded in answer, found by the referee to be established by the evidence. In this we think there was error. The judgment is REVERSED.