LUELLA HEACOCK v. J. J. HEACOCK, Appellant.

**Husband and Wife:** PERSONAL SUITS BETWEEN. A wife cannot sue a husband on his personal contract, such as a note made him to her as payee, during coverture, under Code 1873, section 2204, authorizing an action against him to protect her property, or sections 2211 and 2213, which in general terms authorize married women to sue as if unmarried.

SAME. Code 1873, section 2211, providing that a wife may receive wages for her own labor, and sue therefor, and prosecute all actions for the protection of her rights and property, as if unmarried, gives the wife no right of action as against her husband.

SAME  Power to contract with her husband is not given by bestowing upon a married women the power to make and enforce contracts to the same extent as if sole, since the husband's disabilities must also be removed, before a contract with him can be valid.

PLEA AND PROOF. In an action against her husband upon contract, plaintiff must both allege and prove that the contract is authorized, as that the matter in controversy relates to her separate estate, because her capacity to contract with him is deemed exceptional.

ROBINSON, C. J. dissenting.

*Appeal from Plymouth District Court.*—HON. JOHN F. OLIVER, Judge.

TUESDAY, MAY 23, 1899.

ACTION at law to recover an amount alleged to be due as interest on an instrument in writing. A demurrer to the petition was overruled, and, the defendant refusing to

plead further, judgment was rendered in favor of the plaintiff for the amount claimed. The defendant appeals.— *Reversed.*

*J. M. Wormley* and *I. S. Struble* for appellant.

*Ira T. Martin* for appellee.

DEEMER, J.—A copy of the instrument upon which this action was brought is as follows: "1,000.00.    Kingsley, Io., May 20, 1893. I promise to pay Luella Heacock (my wife) one thousand dollars, value received, with interest thereon at the rate of 6 per cent. per annum, payable annually. This note becomes due at my death, and to be paid her out of the estate, aside from her lawful dowry. In case of her death before mine, this note becomes void. Should any of the interest not be paid when due, it shall bear interest at the rate of 6 per cent. per annum. It is also stipulated that, should the collection of this note be enforced by law, a reasonable amount shall be allowed as attorney's fees, and taxed with the costs in the cause. [Signed] J. J. Heacock." The plaintiff admits the payment on the instrument of twenty-five dollars as interest, and seeks to recover one hundred and sixty-seven dollars and ninety-two cents as interest due December 8, 1896, and unpaid, and interest on that sum.

The first ground of the demurrer is that the petition does not show that the plaintiff can maintain this action, for that she is the wife of the defendant, and it is not shown that the instrument sued on was given for money loaned by the plaintiff to the defendant, or for property of the plaintiff, the possession or control of which had been obtained by the defendant. While the legislature of this state has made many and very radical changes in the common law relating to husband and wife, yet it is a serious mistake to assume that the legal unity or oneness of husband and wife has been entirely obliterated by our statutes. Indeed, there is no state that has gone to such an extent. *McKee v. Reynolds,*

26 Iowa, 582; *Jones v. Crossthwaite,* 17 Iowa, 393. A wife cannot, in the absence of express agreement, recover money of hers spent by her husband for the use of the family, or to promote his business. *Patterson v. Hill,* 61 Iowa, 537; *Hanson v. Manley,* 72 Iowa, 51; *Courtright v. Courtright,* 53 Iowa, 57. The husband owes his wife nothing for services performed by her. *Grant v. Green,* 41 Iowa, 88; *Van Doran v. Marden,* 48 Iowa, 188. The wife's time, outside of her separate business, belongs to her husband. *Miller v. Dickinson County,* 68 Iowa, 102; *Lyle v. Gray,* 47 Iowa, 154; *Fleming v. Town of Shenandoah,* 67 Iowa, 508. The husband's creditors may take all that his wife accumulates outside her separate business. *Hamill v. Henry,* 69 Iowa, 752. Husband and wife cannot contract with each other to secure the performance of their marital rights and duties. *Miller v. Miller,* 78 Iowa, 177. The law presumes that the influence of the husband over his wife is such that she is not held criminally liable for acts done by her in his presence. *State v. Kelly,* 74 Iowa, 589. And the husband is under obligations to support his wife, and is entitled to her earnings. *Thill v. Pohlman,* 76 Iowa, 638; *Tibbetts v. Wadden,* 94 Iowa, 173; *Rafferty v. Buckman,* 46 Iowa, 201; *Porter v. Briggs,* 38 Iowa, 166. In the case of *Peters v. Peters,* 42 Iowa, 182, it is expressly held that neither the husband nor the wife can sue the other for a tort committed during coverture. This same conclusion has been reached by other courts in construing similar statutes. *Libby v. Berry,* 74 Me. 286; *Barton v. Barton,* 32 Md. 214; *Freethy v. Freethy,* 42 Barb. 641; *Schultz v. Schultz,* 89 N. Y. 644. These cases teach the following doctrines: First, that the legal fiction of the oneness of husband and wife has not been entirely effaced; and, second, that all disabilities which the common law imposes upon husband and wife by reason of the marriage status still exist, except in so far as they have been modified or changed by express statutory enactment. As sustaining these conclusions, see, also, *Robertson v. Bruner,* 24 Miss. 242; *May v. May,* 9 Neb. 16 (2 N. W. Rep. 221);

*Diver v. Diver,* 56 Pa. St. 109; *Bertles v. Nunan,* 92 N. Y. 159. Now, at common law neither the husband nor wife could sue the other at law nor could they enter into contracts with each other. Public policy, originating in the delicate relation existing between husband and wife, forbade the wife from maintaining an action at law against her husband. *Barton v. Barton, supra; Russ v. George,* 45 N. H. 467; *Powers v. Lester,* 23 N. Y. 527. Contracts between them were void because of defect of parties, and both husband and wife labored under the disability. *Aultman v. Obermeyer,* 6 Neb. 260; *White v. Wager,* 25 N. Y. 328.

Have these disabilities been removed by our statutes, and, if so, to what extent? And first as to the right to sue: The only sections giving the wife a right of action against her husband are section 2204 and 2211 of the Code of 1873, which read as follows:

"Sec. 2204. Should either the husband or wife obtain possession or control of property belonging to the other, either before or after marriage, the owner of the property may maintain an action therefor, or for any right growing out of the same, in the same manner and extent as if they were unmarried."

"Sec. 2211. A wife may receive the wages of her personal labor and maintain an action therefor in her own name, and hold the same in her own right; and she may prosecute and defend all actions at law or in equity for the preservation and protection of her rights and property, as if unmarried."

In construing these sections, Judge Day, speaking for the court in the *Peters Case, supra,* said: Whilst it must be admitted that very radical changes have been made in the relation of husband and wife, still it seems to us that these changes do not yet reach the extent of allowing either husband or wife to sue the other for personal injury committed during coverture. * * * It is evident that section 2211 refers to and authorizes actions against parties other than the husband; for, if this section allows an action generally against

the husband, it covers and embraces more than is included in
section 2204, and that section is rendered useless and mean-
ingless. Whatever right of action exists against the husband
must therefore be found in section 2204. This section is
limited to actions for property, or rights growing out of the
same." The holding in that case has never been questioned,
and it seems to us it firmly establishes the doctrine that the
wife has no right of action against her husband, unless it be
for the preservation or protection of her separate property.
See, as further sustaining these conclusions, *Chestnut v.
Chestnut,* 77 Ill. 346; *Jenne v. Marble,* 37 Mich. 319; *Pitt-
man v. Pittman,* 4 Or. 298. If she has no right to
sue,—no remedy,—she has no right. Broom Legal Maxims
(8th ed.), p. 191, and cases cited; *Ahby v. White,* 2 Ld.
Raym. 953; *Howe v. Wildes,* 34 Me. 566; *People v. Dike-
man,* 7 How. Prac. 130. As she has no remedy against her
husband, unless it be for the infraction of some of her prop-
erty rights, she cannot sue him on his personal contract.

This ought to end the case, but, as reliance is placed
upon section 2213 of the Code of 1873, it is perhaps well to
consider that section. It reads as follows: "Contracts may
be made by a wife and liabilities incurred, and the
the same enforced by or against her to the same extent
and in the manner as if she were unmarried." It is
said that this section authorizes any kind of contracts between
husband and wife. We do not think so. Both husband and
wife were under such legal disabilities at common law as that
they could not contract with each other. To remove the dis-
ability of one will not validate the contract, for one of the
contracting parties has no assenting mind; and it would be
strange doctrine to announce that, because the disability was
removed from one of the contracting parties, the contract
is good, although the other is without a concurring mind.
The statute undoubtedly has reference to contracts with per-
sons other than her husband; for, as said by Denio, J., in the
case of *White v. Wager,* 25 N. Y. 328: "No doubt, there

was an intention to confer upon the wife the legal capacity of a *feme sole,* in respect to conveyances of her property, but this does not prove that she can convey to her husband, for no such question could possibly arise in respect to a *feme sole;* there being no person to whom, in respect to conveyance made by her, the rule of the common law could apply. But, assimilating the case of a wife to that of an unmarried woman, the legislature merely meant to say that she should have the same power as though she were not under the disability of coverture. Taking away that disability, she would have power to make all such conveyances as were not forbidden by special provision of law; but such general statutes are never understood to overreach particular prohibitions, founded on special reasons of policy or convenience. Corporations cannot, in general, take title to lands by will. The removing of the disability of *femes covert* would not allow them to make a devise to a corporation not authorized to take. It is not the disability of the wife alone which would, by the common law, render void her conveyance to her husband. The husband is as much disabled to take under such a conveyance as she was to convey. Therefore, to render the conveyance valid, the husband's disability, as well as that of his wife, must be removed; but, as has been remarked, there is no language in these acts, and nothing in their apparent intention, which looks to the removal of any disabilities under which he labored." That case was cited with approval by this court in *McKee v. Reynolds* and *Jones v. Crosthwaite, supra,* and we think the reasoning is unanswerable. See, as sustaining the same doctrine, *Aultman v. Obermeyer,* 6 Neb. 260; *Lord v. Parker,* 3 Allen, 127; *Savage v. O'Neil,* 42 Barb. 374; *Hoker v. Boggs,* 63 Ill. 161; *Knowles v. Hull,* 99 Mass. 562; *Roop v. Real Estate Co.,* 132 Pa. Sup. 496 (19 Atl. Rep. 278), 7 Lwy. Rep. Ann. 211; *Roby v. Phelon,* 118 Mass. 542. There are cases holding to the contrary, but they all seem to be based on an assumed legislative intent. If it were the intent of the legislature of this state

to permit married women to contract with and sue their husbands, such intent could be clearly expressed in a very few lines. That such course was not pursued is the best evidence that this was not the intent of the general assembly. Moreover, we can only arrive at the legislative intent by construing the language used in the light of previous decisions, and of the well-settled rules of construction. Applying these rules and decisions, we think it is clear that married women can only contract with and sue their husbands in matters relating to her separate estate. Consideration of all the statutes heretofore set out inevitably leads us to the conclusion that this was the intent of the legislature. The Code of 1897 contains the identical sections to which we have referred, without change. They were passed with the *Peters Case* in mind, and it is evident that the legislature considered that case a correct exposition of the statutes as they had theretofore existed, and re-enacted the statutes with that in view.

We have not referred to the statutes relating to a married woman's separate property, and her right to her real and personal property, for it is uniformly held that such statutes do not give the right to a married woman to personally contract with her husband. *Jenne v. Marble, supra; Albion v. Lord,* 39 N. H. 196; *Ballin v. Dallaye,* 37 N. Y. 35; *Norris v. Lantz,* 18 Md. 260; *O'Daily v. Morris,* 31 Ind. 111; *Pond v. Carpenter,* 12 Minn. 430 (Gil. 315); *Ames v. Foster,* 42 N. H. 381. There is no conflict in the authorities on this proposition. Hence consideration of the statutes relating to these matters would be useless.

As the contract in suit is invalid and cannot be enforced unless it relates to the wife's separate estate, the burden is on plaintiff to both plead and prove that fact. The cases all hold that the common-law rules, although for the greater part done away with by equity and by statute, still so far exist that any capacity of married women to contract is regarded as exceptional, and the grounds there-

for must be both alleged and proved by one seeking to recover. *Hinkson v. Williams,* 41 N. J. Law 35; *Stillwell v. Adams,* 29 Ark. 346; *Way v. Peck,* 47 Conn. 23; *Tracy v. Keith,* 11 Allen, 214; *West v. Laraway,* 28 Mich. 464; *Pollen v. James,* 45 Miss. 129; *Nash v. Mitchell,* 71 N. Y. 199. In the case of *Rodemeyer v. Rodman,* 5 Iowa, 426, we held, in effect, that, *prima facie,* a married woman is still unable to contract, to sue or be sued, and that, when she seeks to recover, she must plead the exception which allows her to recover. But it is said that the law presumes a consideration for the note, and that this presumption is sufficient. It is true that all contracts in writing, signed by the party to be bound, import a consideration. Code 1873, section 2113. But this statute was enacted for the purpose of giving to instruments in writing the same effect as instruments under seal had at common law, and not to supply proof that the contract was based upon a particular consideration. In effect, it simply dispenses with proof that a written instrument was based on a consideration. 1 Parsons Contract (8th ed.) p. 441, and note u; 2 Smith Lead. Cas. 456. If there could be no other consideration for the instrument in suit than the wife's separate property, then this presumption might avail her. But it is evident there may have been other considerations which were perfectly valid, and which would have supported the note had it been in the hands of a third person. As no particular consideration is presumed, the burden is upon the wife to show that the contract was with reference to her separate estate. This is, in effect, the holding in the case of *Logan v. Hall,* 19 Iowa, 491. In that case plaintiff proved that the note was given for her separate estate. We are firmly of the opinion that the petition does not state a cause of action, and that the judgment should be REVERSED.

ROBINSON, C. J.—I do not concur in the opinion of the majority. A careful examination of the cases cited in its support will show, as I believe, that very few of them have

any application to the question actually presented by the demurrer. Some of them are based upon the common law, and some upon modifications of the common law, which differ widely in different states. The changes from the common law are so diverse that the value of decisions rendered by courts of other states, as aids in interpreting the law of this state, can only be determined when the statutes under which such decisions were rendered are known. In but few of the states are married women so fully relieved of the disabilities and restrictions imposed by the common law as they are in this state, and in but few are the powers of the husband and wife to contract with each other so great. Some of the most important changes from the common law were made in this state as late as the year 1873. There are some matters in regard to which the husband and wife cannot make valid contracts with each other. They include those specified in section 3154 of the Code, and the performance of duties growing out of the marital relation and matters which public policy require should not be made the subject of contract between husband and wife. For example, it is ordinarily the duty of the husband and wife to live together in peace and harmony, and for each to avoid so far as possible with reasonable effort, the giving of offense to the other; for the husband to provide for the family, and for the wife to attend to the household duties. An agreement that each should perform the duties required by the marriage relation, when neither had valid reason for doing otherwise, would be against public policy, and not enforceable. *Miller v. Miller,* 78 Iowa, 177. A contract between husband and wife to enable one to obtain from the other a divorce without a legal cause would be illegal. *Pearson v. Cummings,* 28 Iowa, 344. And since it is the settled law of the state that the husband is entitled to the companionship of his wife, and to her services in performing household and family duties, a contract that she should live with him and perform such services would, in the absence of exceptional conditions, be without considera-

tion, and not enforceable, for that reason. *Owen v. Owen,* 22 Iowa, 270. See, also, *Hall v. Incorporated Town of Manson,* 90 Iowa, 585; *Nichols v. Railway Co.,* 68 Iowa, 732; *Mewhirter v. Hatten,* 42 Iowa, 288; *Trust Co. v. Chapin,* 106 Mich. 384 (64 N. W. Rep. 334). But the statutes of this state authorize contracts between husband and wife in regard to most subjects concerning which persons not standing in that relation have occasion to contract. Among such contracts are those which relate to conveyances and transfers of property, and the many rights which may be incident to the exercise of such powers. Code, section 3157. Husband and wife may contract for the loan of money by one to the other. *Logan v. Hall,* 19 Iowa, 491; *Jones v. Jones,* 19 Iowa, 236; *Wright v. Wright,* 16 Iowa, 496; *Blake v. Blake,* 7 Iowa, 46; *In re Alexander,* 37 Iowa, 454; *Doyle v. McGuire,* 38 Iowa, 410; *Gilbert v. Glenny,* 75 Iowa, 513; *Payne v. Wilson,* 76 Iowa, 377. And the wife is liable on the promissory note of her husband, signed by her, although she signed it and the mortgage which secured it merely to release her right of dower in the mortgaged premises. *Wood v. Dunham,* 105 Iowa, 701. In *Carse v. Reticker,* 95 Iowa, 25, this court sustained a contract by which a husband agreed to let his wife have all the profits which should accrue from boarding prisoners in his charge as sheriff. See *Hoag v. Martin,* 80 Iowa, 714; *Nuding v. Urich,* 169 Pa. St. 289 (32 Atl. Rep. 409). A husband or wife may constitute the other an agent to control and dispose of property for their mutual benefit. Code 1873, section 2210; *Johnson v. Grimminger,* 83 Iowa, 10; *Taylor v. Wands,* 55 N. J. Eq. 491 (37 Atl. Rep. 315); *Bank v. Guenther,* 123 N. Y. 568 (25 N. E. Rep. 986). And it has been held in several states, although disputed in others, that husband and wife may carry on business together as partners. *Railroad Co. v. Alexander* (Ky.), 27 S. W. Rep. 981; *Belser v. Banking Co.,* 105 Ala. 514 (17 South. Rep. 40); *Lane v. Bishop,* 65 Vt. 577 (27 Atl. Rep. 499); *Burney*

*v. Grocery Co.,* 98 Ga. 711 (25 S. E. Rep. 915). It was said in *Hanson v. Manley,* 72 Iowa, 48, that married women, under the statutes of this state, "can hold and manage and control personal property to the same extent as though single. They can contract with reference to it, even with their husbands, and maintain actions in their own names for the enforcement of their contracts with reference thereto." The wife may have an occupation independent of her husband, and recover for injuries which impair her power to follow that occupation. *Fleming v. Town of Shenandoah,* 67 Iowa, 505. It would be difficult, if not impossible, to enumerate all cases in which the husband and wife have the power to contract with each other. But, in my opinion, the Code of 1873 gave to husband and wife power to make such contracts in so many cases, involving so many different subjects, that, as a general rule, the power exists, and the cases in which it is lacking are exceptional. If that be true, it was not necessary for the petition to show that the note in suit was given for a purpose authorized by law, but, if it was not given for such a purpose, the fact could have been pleaded and shown as a defense. Since husband and wife are competent to contract with each other, in my opinion it should be presumed in the first instance that their contracts are valid. Certainly, if it be true, as stated in *Association v. Stenger,* 54 Neb. 427 (74 N. W. Rep. 846), that the husband, with possibly a few exceptions, is the dominant person, there should not be a presumption in his favor that his contract with his wife is void. See *Tillaux v. Tillaux,* 115 Cal. 663 (47 Pac. Rep. 691). It is the rule in Nebraska that: "When a married woman sets up her coverture to avoid liability on her contracts, she must, in her answer, negative all causes from which otherwise her liability may be inferred. * * * The reason is that her nonliability can only arise from her inability to contract, and this she must clearly allege." *Gillespie v. Smith,* 20 Neb. 455 (30 N. W. Rep. 526); *Bank v. Coffman,* 101 Iowa, 594. The case of *Chris-*

*tensen v. Wells,* 52 S. C. 497 (30 S. E. Rep. 611), is to the same effect. As the contract in suit is in writing, and signed by the defendant, a consideration is presumed. Code 1873, section 2113; Code, section 3069. And if, as I contend, the power of husband and wife to contract with each other is general, and the lack of that power exceptional, the rule of the cases which hold that when an action is based upon a right or obligation which is exceptional under the common law, it is necessary for the petition to show that the action is within the exception, does not apply. Where the limitations and disabilities imposed by the common law are made exceptional by the statute, the reason for the rule ceases to exist, and the rule should not be applied. Whether a wife can have a right of action against her husband 'in this state, unless it be for the preservation or protection of her separate property, is a question which does not seem to me to be involved in this appeal, and I do not express any opinion in regard to it. The statement of the majority to the effect that the plaintiff has no right, because she has no remedy, so far as shown, may well be considered 'in connection with the well known fact that courts are apt to find a remedy where there is a right. See *Logan v. Hall,* 19 Iowa, 491; *Owen v. Owen,* 22 Iowa, 270. It is my opinion that the petition stated a cause of action, that the demurrer was properly overruled, and that the judgment of the district court should be AFFIRMED.