# THE STATE OF IOWA,

DES MOINES, JUNE TERM, A. D. 1880.

IN THE THIRTY-FOURTH YEAR OF THE STATE.

---

PRESENT:

·HON. AUSTIN ADAMS, CHIEF JUSTICE.
" WILLIAM H. SEEVERS,
" JAMES G. DAY,
" JAMES H. ROTHROCK. } JUDGES.
" JOSEPH M. BECK,

---

## COURTRIGHT v. COURTRIGHT.

1. **Husband and Wife**: PROPERTY OF WIFE: WHEN USED BY HUS-
BAND. Where money of the wife is used by the husband in payment
of the ordinary expenses of the family, with her knowledge and consent,
and without any agreement for repayment to her, she cannot recover
therefor from her husband's estate.

*Appeal from Lee Circuit Court.*

TUESDAY, MARCH 16.

THE plaintiff filed a claim against the estate of her deceased
husband, and as to her right to recover an agreed statement
of facts was made, which is as follows:

"It is agreed in this case that Emily R. Courtright, who is widow of decedent and claimant herein, had $1,950 in drafts on the 30th day of September, 1873, which she owned in her own right; that the amount of said drafts was drawn by decedent at that time, and during the continuance of the marriage of this claimant and said Edward Courtright, deceased; that eleven hundred dollars of said amount was invested for the benefit of this claimant in loans; that fifty dollars of said amount was applied to her own personal use; that $800 was had by said Edward Courtright, and out of the same the said Edward Courtright paid his son a debt owed to said son by him personally of $300, and the balance, being $500, was used by the said decedent in the payment of hired help in the house and on the farm owned by decedent, and on which this claimant and decedent lived as husband and wife, and for the necessary expenses of the family from the time said amount was had up to the time of the death of said Edward Courtright, on the 27th day of September, 1877."

The Circuit Court allowed the plaintiff three hundred dollars and interest only, and rejected the balance of the claim. The plaintiff appeals.

*J. F. Smith*, for appellant.

*E. B. Davis*, for appellee.

SEEVERS, J.    It was held in *Logan v. Hall*, 19 Iowa, 491, under the then existing statute, and also in equity, that where a wife had delivered money or property to her husband and taken from him an obligation therefor, she could recover on such obligation from the estate of her husband. That case is clearly distinguishable from the one at bar, because here there is no promise or agreement on the part of the husband to pay.

In *McCrory v. Foster*, 1 Iowa, 271, it was held that money

*1. HUSBAND and wife; property of wife; when used by husband.*

or property given by a wife could not be recovered from the estate of the husband. The facts in that case, which it was held sufficiently indicated a gift, were, we think, stronger in favor of the wife than the one now before us. We know of no reason why a wife may not make a valid gift to her husband now as well as then. There is no statute which forbids it.

Whether under the facts as agreed it should be held there was a gift, we do not deem it necessary to determine, as we think because of the existence of another ground the plaintiff is not entitled to recover anything more than was allowed by the Circuit Court. The plaintiff bases her right to an additional allowance solely on the following statute: " Should either husband or wife obtain possession or control of property belonging to the other, either before or after marriage, the owner of the property may maintain an action therefor, or for any right growing out of the same, in the same manner and extent as if they were unmarried." Code, § 2204.

Whether this statute includes property which has been voluntarily given by the husband or wife to the other, or which has been rightfully obtained, we do not deem it necessary to determine.

There is another statute as follows: " The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or of either of them, and in relation thereto they may be sued jointly or separately." Code, § 2214.

These two sections are contained in the same chapter of the Code, and as they relate to the same subject-matter they must be construed together. Under the latter section the property of both husband and wife can be compulsorily made liable for the expenses of the family, and the education of the children. Without doubt, we think, the same thing may be accomplished by voluntary action. If, therefore, a wife devotes her property to such purposes, or knows it is being done by her husband, and makes no objection, she does not

thereby become the creditor of her husband, because she has only discharged a legal obligation resting on her as well as her husband, and the latter did not agree or promise he would recompense her for so doing. Broad as § 2204 may seem to be, it should not be construed so as to include property which a wife knows is being applied from day to day through a period of years to the discharge of a legal obligation resting on her equally with her husband. Her consent that it should be so applied must be presumed, and if she desires to hold her husband liable for such property at some future day she should obtain his obligation, or promise to pay. This much at least is required before she can become the creditor of her husband under the circumstances of this case.

Whether the payment of "hired help" on the farm was a legitimate family expense we do not determine, because if it was not we think it was incumbent on the plaintiff to establish how much was paid for that purpose.

AFFIRMED.