## PATTERSON v. HILL, Ex'r.

1. **Husband and Wife:** FAMILY EXPENSES: USE BY HUSBAND OF WIFE'S PROPERTY. If the property or money of the wife in the husband's hands is used by him with her knowledge and consent for purposes connected with the support of the family, without any agreement to repay her, she cannot recover therefor from her husband's estate. *Courtright v. Courtright*, 53 Iowa, 57, followed.

2. ——: ——: ——: PRESUMPTION OF LAW. Where plaintiff allowed her husband, who was a farmer, to collect certain sums of money belonging to her, and to use and dispose of certain chattels, such as are ordinarily kept or disposed of by farmers, and the total value of such money or property was not greater than what was required for the support of the family, *held*, in the absence of evidence of any agreement between the parties, that the law will presume that she contributed, and that the husband used, the money and property for the support of the family, and she cannot recover from his estate on account thereof.

*Appeal from Davis Circuit Court.*

FRIDAY, SEPTEMBER 21.

THE plaintiff, who is the widow of John Patterson, deceased, filed a claim against his estate upon an account for money had and received, and certain articles of personal property, consist-

ing of cattle, sheep, hogs, grain and a gun. The account, less a part of the claim, was allowed, and the executor was ordered to pay the sum found due plaintiff. The executor appeals.

*Payne & Eichelberger*, for appellant.

*Jones & Steel*, for appellee.

BECK, J.—I. The evidence shows that plaintiff and John Patterson, of whose estate defendant is the executor, lived together as husband and wife for nearly eight years. The property and money upon which plaintiff's claim is based belonged to plaintiff at the time of her marriage with decedent. The money was loaned either by one or both, and was afterwards collected by the husband. The amount as found and allowed by the circuit court is $275. The property, for which the court allowed the plaintiff compensation to the amount of $136.75, consisting of seven head of cattle, five sheep and a gun, was used and kept upon the farm whereon the parties lived until the death of the husband. The property was sold by the husband before his death, as we understand the record, and payments were made therefor to him. There is not one word of testimony showing or tending to show for what purposes the money and property, or its proceeds, were used by the husband. Nor is there any evidence tending to show that the husband, under any arrangement between the parties, was to account to the wife for the money and property, or that the same was intended by her as a gift to him. Upon all these points there is no evidence whatever. The plaintiff insists, and the court below so held, that, in the absence of evidence on these points, the law will presume that the husband received the money and property as the wife's agent, and, until he accounted for the property and money, he was liable to the wife; and that as the defendant has not shown that he did so account, or that he used the funds in his hands for the benefit of the wife, or for the support of the family, the law will presume that, as to the funds, he was the wife's agent,

and his estate is now liable. The defendant, on the other hand, insists that in the absence of proof, as above indicated, the law will presume that the funds were a gift from the wife to the husband.

II. We find it unnecessary to determine these questions, in view of the condition of the record before us. They are difficult, and we confess that we have not reached a satisfactory solution of them. But, for the purpose of the case, let it be admitted that, in the absence of evidence, the law will presume that the husband received the funds as the agent of the wife. But we think upon the facts, as shown by the record, the law will raise the presumption that the funds were used and expended by the husband in the support of the family of the parties. Our conclusion is based upon the following considerations.

1. If property or money of the wife in the husband's hands is used by him with her knowledge and consent for purposes connected with the support of the family, without any arrangement to repay her, she cannot recover therefor from the husband's estate. *Courtright v. Courtright*, 53 Iowa, 57.

*1. HUSBAND and wife: family expenses: use by husband of wife's property.*

2. Both husband and wife are equally bound for the support of the family. The husband usually makes the contracts pertaining to the family support, makes payment therefor, and transacts all business connected therewith. In the case of farmers, he manages the farm which yields support, and makes all expenditures connected therewith. If money of the wife should, with her consent, be invested in the business of carrying on the farm from which the support of the family is derived, it would be in effect devoted to the support of the family. So if cattle or other live stock owned by the wife should be, with her consent, added to the stock of the farm from which the living of the family is drawn, it would, in effect, amount to a contribution by the wife to the family support. In case the amount of money or value of the property so used in the business of

*2. ——: ——: ——: presumption of law.*

Patterson v. Hill, Ex'r.

the farm is within a sum necessary for the family support, it ought to be presumed that the money and property were used for that purpose. Of course, if a large sum of money were received by the husband from the wife, and were used by him in making improvements or buying stock, or the like—such sum being greater than is necessary for the family support, no such presumption would arise. The like result would follow in case of property of the wife, of like great value, being used for like purpose.

In case the wife permits the husband to collect small sums of money, not greater than what is required for the support of the family, the law will presume that the husband appropriates the money to that purpose.

In the case before us, the evidence shows that the husband was a farmer, and that the property was used on the farm. The total value of all the property and money secured by.the husband from the wife was a little over .$400. They lived together for nearly eight years. Now, in the absence of any proof tending to show that it was the intention of the parties that the husband should be charged with that sum, it will be regarded by the law as the wife's contribution to the family expenses. The conclusion can work no hardship, as she had her living for the eight years, and the law sets apart to her a liberal share of her deceased husband's personal and real property. The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

REVERSED.