GEORGE HAYWARD, Administrator, Appellant, v. S. M. JACKMAN.

**Husband and Wife:** DEBTOR AND CREDITOR. Where a wife permits the husband to expend her money for the support of the family and in his business, without any contract for its repayment, she cannot, in the absence of an express agreement, recover the amount so advanced.

**Practice:** TRIAL TO COURT. In a trial by a court, on motion to dismiss for want of evidence, the question is whether plaintiff has made his case by a preponderance of the evidence.

*Appeal from Pottawattamie District Court.*—HON. WALTER I. SMITH, Judge.

SATURDAY, OCTOBER 19, 1895.

The plaintiff is administrator of the estate of May Jackman, deceased. This action was brought to recover of the defendant an amount of money which it is alleged the defendant, at the time of the death of the deceased held and controlled as the agent of the deceased. There was a trial before the court without a jury, and, at the close of the introduction of the evidence in behalf of the plaintiff, the defendant moved the court to dismiss the case, or enter judgment for the defendant. The motion was sustained, and judgment was entered accordingly. Plaintiff appeals. —*Affirmed.*

*Turner, Smith & Cullison* for appellant.

*Benjamin & Preston* for appellee.

Rothrock, J.—I. The defendant and the intestate were husband and wife. They were married in the

year 1862, and the wife died in the month of December, 1890. She was a widow and the mother of some children when she married the defendant, and she owned a hotel building in Scott county, which was incumbered by a mortgage of about five hundred dollars. About two years after the marriage, the hotel property was sold, and about three thousand five hundred dollars was received therefor. Soon afterward the money was invested in a farm in Scott county, and the title to the farm was taken in the names of both the husband and wife. In 1868 this farm was sold, and defendant and his wife moved to Pottawattamie county, and bought another farm, the title to which was taken in the name of both of them. They resided on this last-named farm until January 29, 1889, when it was sold for four thousand eight hundred dollars. Fifteen hundred dollars was paid in cash, and the balance was secured by notes and a mortgage on the farm. The mortgage and notes were made payable to the defendant. One of the notes became due and was collected by defendant on March 30, 1890; and when the wife died, in December, 1890, the defendant was in possession of the other notes; and, a few days after the death of his wife, he sold and assigned the notes and the mortgage to one Sanford.

As we have said, the right of recovery is based upon the ground of agency. There is no evidence that any contract was ever made between the husband and wife with reference to her money or property. The facts we have recited are well sustained by evidence; and there is no doubt that, when the parties were married, the wife had more property than the husband. But, as we have said, there is no evidence that the relation of debtor and creditor existed between them. The last farm owned by them was sold nearly two years before Mrs. Jackman died, and the first mortgage note was paid about nine

months before her death. The nearest approach to any evidence of an agreement between the parties is found in the testimony of a daughter of the deceased, which was as follows: "I have had conversations with Mr. Jackman and my mother about this property just before they left the farm. My mother said, in presence of Mr. Jackman, that because he was buying and selling it did not debar her from her rights or us from ours. To this Mr. Jackman would reply that he didn't propose to cheat any of us out of our rights. He said that mother owned it then just as much as ever she did. He said he would use it, buy and sell and make more money with it, and there would be more money in the end. Such conversations would average about six a year. The last one was within a year before he left the farm. My mother died December 27, 1890." It will be observed that all these conversations occurred long before the parties sold, and moved away from the last farm they owned, and what may have transpired between husband and wife after that does not appear. There is absolutely not one word of explanation as to the making of the mortgage and notes payable to the husband, and the collection of the cash payment by him. There is no presumption that a contract existed between them. In the cases of *Courtright v. Courtright,* 53 Iowa, 57 (5 N. W. Rep. 824), and *Patterson v. Hill,* 61 Iowa, 537 (16 N. W. Rep. 599), it was held that, when the wife permits the husband to expend her money for the support of the family, she cannot, in the absence of an express agreement for its repayment, recover the amount in an action against him or his estate. It is unnecessary to further elaborate the case. In fact and in law, it is within the rule adopted in the case of *Hanson v. Manley,* 72 Iowa, 48 (33 N. W. Rep. 357), in which it was held that where the wife advances money or property to her husband, to be employed by him in his business, without any

contract for repayment, the law will not create the relation of debtor and creditor between them.

II. Counsel for appellant contend that the motion to dismiss or for judgment ought to have been overruled, because it is in the nature of a demurrer to the evidence, and it ought not to have been sustained unless the evidence was insufficient to support a verdict if the case had been tried by jury. We think the rule applicable to a trial by jury does not obtain where there is a trial of a law action by the court. In such a trial the court weighs the facts, and determines them by a preponderance of the evidence; and when plaintiff's evidence was all introduced, and the defendant offered no evidence, the question for the court to determine was whether, by a preponderance of the evidence, the plaintiff was entitled to a judgment. The judgment of the district court is *affirmed*.