M. E. McElhaney, Appellant, v. Thomas S. McElhaney.

125   279
126   703

Husband and wife: DIVISION OF PROPERTY BY CONTRACT. A contract by which the husband agreed that the wife should have a one-half interest in all property, real and personal, coming into their possession after marriage, in consideration for money advanced to him from her separate estate, is enforceable under Code, section 3155.

Husband and wife: CONTRACTS: PUBLIC LANDS. A contract by the
2 husband that his wife shall have an interest in all property there-
after acquired, in consideration for money advanced to him, is
not in contravention of the federal statute providing that a timber
claim shall not be entered for the benefit of another, so as to pre-
clude her interest therein under the contract.

*Appeal from Plymouth District Court.*— Hon. John F.
Oliver, Judge.

FRIDAY, OCTOBER 21, 1904.

SUIT in equity to enforce a written agreement entered
into by the plaintiff and defendant, who were at the time it
was executed, and are now, husband and wife. It is as fol-
lows: "November 2, 1883. It is hereby agreed between
Thomas S. McElhaney and his wife, Minerva E. McElha-
ney: Whereas, the said wife having in her possession at the
time of their marriage the sum of $1,000 (one thousand
dollars), and the said Thomas S. McElhaney disposing of
the same, do think it just and right that she, Minerva E.
McElhaney, shall have half of all property, both personal
and real, which we shall come into possession of hereafter."
In September, 1887, the defendant made a timber culture
entry of land in Plymouth county, Iowa, for which he re-
ceived a patent from the United States in 1897, and to
which he held title at the time this suit was brought. The
plaintiff claims, under the contract set out, an undivided
one-half interest in this land, and the same interest in all
personal property owned by them on the 1st day of March,
1901, or thereafter. There was a judgment sustaining the
contract as to the personal property, and requiring an ac-
counting therefor, and denying the relief prayed· as to the
land. Both parties appeal, and the plaintiff will be desig-
nated as the appellant.— *Reversed* on plaintiff's appeal.
*Affirmed* on defendant's appeal.

*Struble & Struble,* for appellant.

*Martin & Martin,* for appellee. ·

Sherwin, J.— There is practically no dispute over the facts in this case.   The parties were married in 1871, and prior to 1883 the plaintiff had furnished the defendant

1. Husband and Wife: division of property by contract.

money from her separate estate which he had used in his business, and for which he was indebted to her at the time the contract was executed.   The contention of the appellee is that the wife cannot maintain this action, because it is not one relating to her separate property; and furthermore, that if the contract be held enforceable as to the personal property, it is void as to the land because it contemplated a violation of the federal statutes relating to timber culture entries.

Section 3155 of the Code provides as follows: " Should the husband or wife obtain possession or control of property belonging to the other before or after marriage, the owner of the property may maintain an action therefor, or for any right growing out of the same, in the same manner and extent as if they were unmarried."

The money which the plaintiff loaned the defendant was clearly her separate estate, and it cannot be questioned that as a matter of law she could have maintained an action therefor.   Had the defendant secured the debt by mortgage on personal or real property, there would be no contention that the wife could not avail herself of such security by a suit to foreclose the same.   *Doyle v. McGuire,* 38 Iowa, 410; *Wright v. Wright,* 16 Iowa, 496; *Payne v. Wilson,* 76 Iowa, 377.   The statute expressly says that an action may be maintained for the property, " or for any right growing out of the same."   Any contract relating to the return of the borrowed money, or providing compensation therefor, is valid and enforceable, because an action therefor is clearly within the provisions of the statutes.   The fact that the compensation may be to a certain extent uncertain, or that it is not to be paid in distinct and separate property, can

make no difference. *Hanson & Myer v. Manley,* 72 Iowa, 48. In *Heacock v. Heacock,* 108 Iowa, 540, the wife sued on an ordinary promissory note. A demurrer to the petition was overruled, and the defendant refusing to plead further, judgment was rendered against him. There was no showing in the petition that the note was given for or concerned her separate property, or any right growing out of the same, and it was held that no cause of action was pleaded.

The stipulation in the contract that the plaintiff was to have one-half of the real property thereafter acquired does not, in our judgment, contravene the federal law relating to timber culture claims. The affidavit required of the defendant was to the effect that the entry was not for the benefit of any other person; that the application was made in good faith, and not for the purpose of speculation, or directly or indirectly for the use or benefit of any other person or persons whomsoever. The proof in this case was similar to that required in the law of homesteads and pre-emptions, and the purpose of the statutes has been declared by the Supreme Court of the United States to be to prevent land speculators from acquiring valuable lands for speculation purposes through the medium of these entries. *Myers v. Croft,* 13 Wall. 291 (20 L. Ed. 562). At the time the entry herein was made, soon after the contract was executed, the plaintiff moved onto the land, with her husband, where she remained as a member of his family until after a patent therefor was issued to him, and until 1901. During all of this time her labor as the housewife contributed towards making it the home of the actual settler, as contemplated by the law. Under such circumstances it cannot be possible that the United States could be defrauded, because she was helping to carry out the very purpose of the law, and we think the case falls within the principle announced in *Snow v. Flannery,* 10 Iowa, 318; *Sweesey v. Sparling,* 81 Iowa, 433; *Richards v. Snyder,* 11 Or. 501 (6 Pac. Rep. 186); *Barlow v. Barlow,* 48 Kan.

2. Husband and Wife: contracts; public lands.

Sup. 676 (28 Pac. Rep. 607), and *Myers v. Croft, supra* — rather than the rule announced in *Oaks v. Heaton,* 44 Iowa, 116.

Furthermore, it will be observed that the contract does not provide for a conveyance of the interest at any particular time, and the rule is well settled that title to pre-empted land may be legally conveyed after the patent has issued. In any view of the case, we are clear that there is no merit in the defendant's contention, and that the appellant is the legal owner of an undivided one-half interest in the land.

The plaintiff only asks an accounting for the personal property on hand March 1, 1901, and acquired thereafter.

On the plaintiff's appeal the case is reversed, and on the defendant's appeal it is affirmed. It will be remanded for an accounting in accordance with this opinion.— *Reversed* on plaintiff's appeal, and *affirmed* on defendant's appeal.