[No. 18138. Department Two. November 27, 1923.]

A. A. PARSONS, *Respondent,* v. E. H. TRACY, *Executor of the Estate of* FLORA O. PARSONS, *Deceased, Appellant.*[1]

HUSBAND AND WIFE (103-1)—SEPARATION AGREEMENTS—VALIDITY. An agreement between husband and wife to divide their property and thereafter live separately is not void as being against public policy; and the fact that they thereafter lived under the same roof does not raise the presumption that they resumed marital relations, where the contrary was shown by a fair inference from testimony and the express terms of the contract.

SAME (5, 5-1)—CONVEYANCES BETWEEN—DIVISION OF PROPERTY—VALIDITY. A division of property between husband and wife whereby each mutually agreed to maintain himself or herself, does not depend upon a separation or cessation of marital relations.

SAME (5-1)—CONVEYANCE BY WIFE TO HUSBAND—FRAUD—EVIDENCE. Where a wife executed a contract dividing the property, being of clear mind and understanding and competent to transact business, after very mature deliberation, the courts will not set it aside for overreaching on the part of the husband, unless it clearly appears that it amounted to deliberate fraud.

CANCELLATION OF INSTRUMENTS (10)—ESTOPPEL OR WAIVER—FAILURE TO RETURN CONSIDERATION. Personal representatives of a deceased wife cannot rescind a separation agreement for the fraud of the husband without offering to restore the property which the wife received through the agreement.

[1]Reported in 220 Pac. 813.

APPEAL (112)—RESERVATION OF GROUNDS—OBJECTIONS NOT MADE BELOW. Insufficiency of the evidence to sustain a claim against an estate cannot be urged for the first time on appeal.

EXECUTORS AND ADMINISTRATORS (90, 90-1)—DISPUTED CLAIMS— ISSUES AND PROOF. Where a surviving husband's claim against a deceased wife's estate for necessities furnished the deceased in her last illness was rejected on the sole ground that they were necessities for which the husband was solely liable, it was not necessary to offer proof of the reasonable value of the services for which payments were made.

PAYMENT (32) — RECOVERY — VOLUNTARY PAYMENTS. Payments made by a husband for necessities during the last sickness of his wife are not voluntary, although they had separated under an agreement to each maintain himself or herself, and to allow recovery would only carry out the separation agreement.

EXECUTORS AND ADMINISTRATORS (90-1)—DISPUTED CLAIMS— FUNERAL EXPENSES—REIMBURSEMENT OF HUSBAND. The husband is entitled to recover from the estate of his deceased wife for necessities furnished by him during her last sickness.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered April 9, 1923, in probate, upon findings in favor of the claimant, in an action on a claim against an estate. Affirmed.

*John E. Belcher,* for appellant.

*Harry H. Johnston,* for respondent.

BRIDGES, J.—The question here is whether the estate of Flora O. Parsons, deceased, who during her lifetime was the wife of the respondent, should repay the respondent certain payments made by him for medicine, nurses' and doctors' bills incurred during the last sickness of the deceased. The executor has appealed from a judgment against him.

Nearly a year before she died, Mrs. Parsons and the respondent, who were then husband and wife, entered into a written agreement which provided,

"That whereas the parties hereto have mutually decided to live in the future separate and apart from

each other and have this day transferred from the one to the other in fair and equitable division by mutual agreement the property which they have accumulated and now own and possess; now, therefore, in consideration of the premises . . . second party [Mrs. Parsons] does hereby covenant and agree to and with the party of the first part [Mr. Parsons] that for the remainder of their natural lives she will not make any demand upon him for the payment to her of any moneys for her separate maintenance and support''; nor will she ask for any alimony in the event a divorce should be obtained, nor will she be called upon to pay any amounts whatsoever to or for her husband.

It appears from the evidence that, during her last sickness, Mrs. Parsons was unable to transact any business because of her sickness, or to pay her bills for medicine, nurses and doctors, and that the respondent procured for her these necessities and made these payments therefor, without any request from her and without any express agreement on her part to repay him.

It is first contended by the appellant that an agreement between husband and wife to divide their property and thereafter live separately is void as being against public policy, and cites several cases in support of the contention. The question is not an open one in this state. In *Worden v. Worden,* 96 Wash. 592, 165 Pac. 501, a contract between husband and wife in almost identical terms with the one here was involved, and we upheld it, quoting approvingly from 9 Cyc. 520, as follows:

". . . the great majority of the American decisions, distinguish between agreements for future and agreements for immediate separation, holding that agreements for separation of husband and wife are valid if made in prospect of an immediate separation, but illegal if they provide for a possible separation in the future; . . ."

But it is argued here that the testimony showed that Mr. and Mrs. Parsons lived under the same roof from the time of the making of this agreement to her death, and that there is no testimony tending to show that the marital relations actually ceased upon entering into the contract, and that the presumption will be that such relations continued, and that because thereof the contract is void. It is true that there is no positive testimony showing that the parties ceased their marital relations, but there is testimony from which a fair inference may be drawn that they did cease such relations. Besides this, the contract itself expressly states that the parties have separated and intend to cease to live together as man and wife. We are therefore of the opinion that the contract was a valid and enforcible one.

But, in any event, the parties had a perfect right to enter into a business arrangement whereby they divided their property and each agreed to maintain himself or herself. The validity of such an agreement would not depend on a separation or a ceasing of the marital relations.

It is further contended that the contract is void because of its unfairness in the division of the property and in that it is tinged with fraud. The testimony shows that at the time she executed this contract, Mrs. Parsons was of clear mind and memory and perfectly competent to transact business, and that she executed the instrument after very mature deliberation concerning it. Nor is the testimony sufficient to show that, in the settlement of the property affairs, there was any overreaching on the part of the husband. Even though it should be conceded that the husband had somewhat the best of the contractual arrangement (which we think the testimony does not show), yet courts will not

set aside a contract deliberately entered into unless it clearly appears that there was such overreaching as amounted to a deliberate fraud. No such condition appears in this case.

There is another reason why the contract cannot be attacked for this cause, and that is that, by virtue of it, Mrs. Parsons obtained certain property from her husband and neither she nor her personal representative could set aside that contract without offering to return what she had received by it, and in this case there was no such offer.

It is also argued that the testimony was insufficient upon which to base a judgment because it failed to show that the sums which the respondent paid were the reasonable value of the things for which the payments were made. This question was not raised in the lower court and for that reason ought not to be considered here. But, in any event, the question of the reasonable value was not an issue in the lower court because the answer to the complaint alleged that the claim presented by the respondent to the executor,

". . . was unjust and rejected by him upon the sole ground that the items set forth therein, if expended as therein alleged, were necessary family expenses to be borne by the plaintiff by virtue of the marriage relation existing between the said plaintiff and deceased, and which had never been dissolved."

Under such pleadings, it was not necessary that the respondent prove the reasonable value of the services for which the payments had been made. *Dahlstrom v. Northern Pac. R. Co.*, 98 Wash. 390, 167 Pac. 1078; *Cary-Davis Towing Co. v. Spradley*, 115 Wash. 93, 196 Pac. 655.

It is further contended that respondent cannot recover because the deceased did not request him to pay her bills nor did she agree to repay him. In other

words, it is argued that the payments made by respondent were voluntary upon his part and therefore cannot be recovered. The rule of voluntary payment will not apply to the facts of this case. As between Mr. and Mrs. Parsons, the relationship of husband and wife had ceased by mutual agreement, but as to the public they were still husband and wife and as such, under the statutes and decisions of this court, the husband was liable to pay these bills. Such being the situation, the payment by him was not a voluntary one. To allow the respondent to recover the sums he has paid is merely to carry out the written agreement which he and his wife deliberately made, and we think the court was right in entering its judgment.

Thus far we have discussed the matter upon the theories on which the case was tried in the lower court and presented here. But if the contract be entirely eliminated from consideration, the result must be the same, because the husband would, in any event, have the right of recovery against the estate of the wife. *Smith v. Eichner,* 124 Wash. 575, 215 Pac. 27.

Judgment affirmed.

Main, C. J., Fullerton, Mitchell, and Pemberton, JJ., concur.