ESTATE OF PHALEN: LICHTENBERGER, Respondent, vs. CENTRAL WISCONSIN TRUST COMPANY, Administrator, Appellant.

*November 7—December 4, 1928.*

For the appellant there was a brief by *Bagley, Spohn & Ross,* and oral argument by *Myron Stevens,* all of Madison.

For the respondent there was a brief by *Sauthoff & Puetz* of Madison, and oral argument by *H. H. Puetz.*

DOERFLER, J. The only question involved in this case is one of law, and consists of whether the separate estate of a married woman is liable for services performed for her in her last sickness, where such services were requested by her husband.

Sec. 313.16 of the Statutes is entitled "Debts; order of payment," and provides in part as follows:

"(1) If, after the amount of the claims against any estate shall have been ascertained by the court, it shall appear that the executor or administrator has in his possession

sufficient to pay all the debts, he shall pay the same in full within the time limited for that purpose. If the assets received by the executor or administrator, and which can be appropriated to the payment of debts, shall not be sufficient he shall, after paying necessary expenses of administration, pay the debts against the estate in the following order:

"(a) The necessary funeral expenses;

"(b) The expenses of the last sickness;

"(c) Debts having a preference under the laws of the United States;

"(d) . . ."

A husband is liable at common law for necessaries furnished his wife, and this doctrine has been so long rooted in the common-law system of jurisprudence that the memory of man runneth not to the contrary. This rule applies not only to necessaries provided for her during her lifetime, but extends beyond life, and includes the reasonable expenses of her burial. This rule, by the weight of authority, still obtains in this country, notwithstanding the enactment of statutes under which in some states it has been held that the common-law rule has been abrogated. It also obtains in England and in Canada. See note and citations in 31 A. L. R. 1500.

It is to be presumed that no change in the common law was intended by the legislature unless the language employed clearly indicates such an intention. *Sullivan v. School District,* 179 Wis. 502, 191 N. W. 1020; 25 Ruling Case Law, p. 1054. It has also been held that the rules of the common law are not to be changed by doubtful implication nor overturned except by clear and unambiguous language. *Sullivan v. School District, supra; Ryalls v. Mechanics' Mills,* 150 Mass. 190, 22 N. E. 766, 5 L. R. A. 667; *State v. Central Vt. R. Co.* 81 Vt. 459, 71 Atl. 193, 21 L. R. A. N. S. 949.

The learned trial judge in deciding this case based his decision upon the statutes of this state, and respondent's

counsel in their brief take a similar position. That the common-law rule is as above referred to is readily conceded, but it is argued that that rule has been abrogated with reference to claims of last sickness by the express language of the statute; that this court in the case of *Schneider v. Estate of Breier,* 129 Wis. 446, 109 N. W. 99, has so held with respect to funeral expenses, and that reference to the expenses of last sickness is made in the identical statute upon which this court based its decision in the *Breier Case,* wherein it held that the funeral expenses of a married woman become a charge against her property constituting her separate estate, after her death.

Where the legislature in sec. 313.16 of the Statutes uses the following language, "If, after the amount of the claims against any estate shall have been ascertained by the court," the word *"ascertained"* is used in the same sense as the word "allowed." Debts contracted by the deceased during his lifetime represent claims against him individually, and in order to be allowed by the court must, within the time prescribed by the statute, be presented and filed. When allowed by the court such claims become claims against the estate. On the other hand, claims not contracted by the deceased, such as expenses of administration and funeral expenses, must be presented to the court, but need not be filed in the same manner and within the time provided for claims against the deceased. *Estate of Kelly,* 183 Wis. 485, 198 N. W. 280. These claims, when allowed, also become claims against the estate of the deceased. So that it may be said that under the statutes two classes of claims are considered: first, claims resulting from obligations contracted by the deceased during his lifetime; and second, those that accrue by virtue of what transpires after his death.

Only such claims can be allowed by the court as constituted valid obligations of the deceased during his lifetime, or those which are necessarily contracted after his death, and

which also become thereafter claims against the estate. A claim for necessaries furnished the wife at the request of the husband, prior to her last sickness, cannot be deemed a claim against the wife, and cannot legally be allowed as a claim against her estate after her death. The sole obligation incurred in such a claim is that of her husband. A debt which arises on account of services performed for a wife during her last sickness, at the request of the husband, is as much an obligation of the husband as though those services had been performed in connection with his own sickness; so that it would appear to us that under a proper interpretation of sec. 313.16 of the Statutes, the legislature, in referring to the term "debts," merely intended to denote such debts for which the separate estate of the wife may be held liable, and not such obligations for which the husband solely is liable. The language used in sec. 313.16 is general, and does not signify any intention on the part of the legislature to either modify or abrogate any rule of the common law. If that had been intended it could readily have used clear, explicit, and comprehensive language denoting such intention. And when the legislature, in a case where there is a deficiency of assets to pay all the obligations, creates a preference with respect to some of them, it becomes manifest that it intended merely to extend this preference to such preferred claims as legitimately constitute claims against the estate.

Where, in the section of the statutes last referred to, or in any kindred section, can any language be pointed out which indicates that the legislature intended to abrogate the common-law doctrine with respect to a debt contracted by a husband on account of services rendered his wife during her last sickness? The use of the word "debt" in sec. 313.16 signifies "what is due a person from any form of obligation or promise." *Gray v. Bennett,* 3 Metc. (Mass.) 522; 1 Bouv. Law Dict. (Rawle's 3d Rev.) 786. The word "debt" is also defined as "A sum of money due by certain and express

agreement." 3 Bl. Comm. 154; 1 Bouv. Law Dict. (Rawle's 3d Rev.) 786. It is clear that under sec. 313.16 of the Statutes all claims against the estate are included in the word "debt." This would therefore also embrace a debt arising out of services performed during the last sickness, and it is this debt to which the statute gives preference. Only when a claim for services performed during the last sickness is a debt against the estate of the deceased is it made a charge upon the assets of the deceased. It would therefore appear that where a claim like the one here involved becomes a charge against the estate, it does so because it is founded upon a debt resulting from a contractual relationship.

When the *Breier Case* was decided the doctrine therein declared was supported by a number of decisions of other courts and by text-books. It has not been held, as far as we have been able to ascertain, that the expenses of last sickness occupy a plane identical with that of the funeral expenses. The funeral expenses are not incurred pursuant to a contract with the deceased. The obligation to pay arises after the death of the deceased, and such obligation in most instances is raised by implication, based on the necessities of the situation. The decisions outside of Wisconsin holding that funeral expenses under statutes like our own become a charge on the assets of the estate are largely based upon considerations of public policy. It is there said, among other things, that the burial of the dead is a subject in which the public is interested. The burial must be sanitary, and within a reasonable time, in order to preserve health and to prevent disease. The time within which a dead body must be interred being limited, it is necessary to impose upon the assets of the deceased, where such assets exist, the expenses of burial. In other words, it would appear that many courts of last resort of the highest standing and respectability have been persuaded by the doctrine of necessity to hold that *funeral expenses* become a charge against the separate es-

tate of a married woman. But while courts, including our own, have thus held with respect to funeral expenses, no case has been cited to our attention where the same doctrine has been pronounced in a case involving expenses of last sickness. It is our opinion that the courts adhering to the minority doctrine (which includes our own), when they hold under statutes like those above quoted that funeral expenses become a charge against the separate estate of a married woman, have arrived at the very limit permissible under statutory construction. In any event, owing to the radical differences in the nature of a claim for funeral expenses and expenses of last sickness, the doctrine in the *Breier* and other cases should not be extended so as to include expenses of last sickness.

*By the Court.*—The judgment of the lower court is reversed, and the cause is remanded with directions to disallow the claim, with costs.

.Stevens, J., took no part.