## EARNEST et al. v. EARNEST.

No. 29380.   May 7, 1940.

*102 P. 2d 602.*

H. Grady Turner, of Okemah, for plaintiffs in error.

Harry Stephenson and Clem H. Stephenson, both of Okemah, for defendant in error.

DAVISON, J. This action was commenced in the district court by the defendant in error, as plaintiff, to quiet his title to a certain tract of land. He claimed that he had purchased the land, but had taken title thereto in the name of his wife, who subsequently died.

At the trial it was revealed that in the probate proceedings had in the matter of the deceased wife's estate, more than three years previous to the filing of this action, the county court had distributed the property in undivided interests of one-third to the plaintiff and 2/27ths to each of the defendants and Mrs. Earnest's other children. Accord-ingly the trial court in the present action quieted the plaintiff's title to only an undivided one-third interest in said land, but in entering its judgment purported to impress the interests of the defendants therein with a lien in favor of the plaintiff on account of the expenses of Mrs. Earnest's funeral and last illness which the plaintiff testified he had paid. To the portion of the judgment last described, the defendants excepted and have preserved said exception in the present appeal.

The present record contains copies of the "Final Report and Petition for Distribution and Discharge," which was filed in the county court under date of July 20, 1935, on behalf of the plaintiff as administrator of his deceased wife's estate as well as the final decree, which was thereafter entered in the probate proceedings on August 13, 1935. The final decree indicates that on the latter date the decedent's funeral expenses as well as other expenses of the estate had been paid, and in the final report no mention was made of funeral expenses, but, on the contrary, it was represented that no debts or unpaid claims were outstanding against the estate. During his redirect examination in the present case, the plaintiff admitted that he had made no claim against the estate for his expenditures in connection with his wife's last illness, funeral, and burial.

It is settled law in this jurisdiction that a husband's claim for money he has expended on account of his wife's last illness is not a proper charge against her estate, but that which he has expended for her funeral is the proper subject of a claim against said estate. In re Wagner's Estate, 178 Okla. 384, 62 P. 2d 1186. It is equally well settled that exclusive original jurisdiction of the payment of claims for a money judgment arising ex contractu and not presented against the estate is in the county court, the district court's jurisdiction being appellate only. In re Gentry's Estate, 158 Okla. 196, 13 P. 2d 156. We have held that liability against the heirs to the extent of the assets of the estate received by them may be enforced by

direct action in the district court for claims that had not accrued or become enforceable until after the administration of the estate had been closed (Chitty v. Gillett et al., 46 Okla. 724, 148 P. 1048, L. R. A. 1916A, 1181), but those involved herein are not such claims. Upon the foregoing considerations, we conclude that the trial court was without jurisdiction in the present action to enforce the plaintiff's claims against the defendants for the expense of his wife's last illness and funeral, and the portion which purports to establish a lien therefor against their interests in the land involved herein is erroneous. It is therefore ordered that said judgment be amended and modified to conform to this view, and, as so amended, the same is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, HURST, and DANNER, JJ., concur. CORN and GIBSON, JJ., absent.