LAWRENCE I. TRUAX, Appellant, v. MABLE ELLETT, Appellee.

No. 46562.

JULY 28, 1944.

Chauncey A. Weaver, of Des Moines, for appellant.

Truman S. Stevens, of Des Moines, for appellee.

1218

BLISS, J.—Dora B. Truax, of Des Moines, Iowa, wife of appellant, died testate, June 25, 1943, leaving no children, but survived by her husband and a number of her collateral heirs, who are beneficiaries under her will. She owned an eighty-acre farm in Guthrie County, Iowa, and most of the household goods in their home in Des Moines. This home was apparently owned by her husband and she devised to him "all right, title and interest" therein, including "my dower right" and "all my interest in said property." She devised an undivided one-third interest in the farm, the curtains and carpets in the home, and her "dower right in our Colorado land" to her husband. To her sister, the appellee, she devised an undivided one-third interest in the Guthrie county farm, and the remaining undivided one-third interest therein to two other sisters. Her household goods and personal effects were bequeathed with considerable particularity to her sisters, nieces, and nephews.

The will made no provision for the payment of any obligations or claims other than a direction to first pay all her funeral expenses, and for a "very small headstone placed at my grave." She named her husband and the appellee as executors and they qualified. On February 9, 1944, the executors filed a report stating that by agreement of all the beneficiaries the Guthrie county farm, the only real estate owned by the deceased, had been sold for $12,000, which proceeds were held by them; that no distribution had been made under the will, and that claims had been filed against the estate in the sum of $4,218.90, none of which had been "proven, allowed or paid."

On January 12, 1944, the appellant filed accounts "for medical, hospital and nurse service for Dora B. Truax, deceased, during her last illness from March, 1942, to June, 1943." These accounts are for services of the Iowa Methodist Hospital, Des Moines ($1,184.80), University Hospital, Iowa City ($372.46), Worrall Hospital, Rochester, Minnesota ($121.40), Mayo Clinic, Rochester, Minnesota ($200), ambulance services at Des Moines and West Branch, Iowa ($67.50), services of eight doctors ($544), and services of seven nurses ($782). The total amount paid by the appellant for these services was $3,272.16. Appellant withdrew temporarily as executor insofar as his duties pertained to his claim.

On February 21, 1944, the appellee filed a motion to strike and to disallow the claim of the appellant, for the following reasons, in substance: (1) Claimant is the husband of deceased and one of the executors of her estate, and all said items paid by him were reasonable and necessary expenses of the family, for which he was legally and morally liable, and no claim or cause of action arose in his favor against his wife by their payment (2) said claim is void and without legal implication or value, and is contrary to and violates public policy, and it violates the marital relationship and the responsibilities of the husband therein (3) claimant was made liable for each and all of said claims by statute and payment thereof was a legal duty and in no respect created a right in his favor to have same repaid, or any liability on the part of the wife (4) under the statutes of the state and the decisions of this court, claimant is forbidden to maintain the claim or to recover anything thereon, since all of the claims were paid by him pursuant to his statutory duty.

Insofar as this appeal is concerned there is no dispute as to the facts. The motion of the appellee served the purpose of a demurrer and it will be considered as such. It will be treated as admitting that all items of the claim were expenses of the last sickness of the appellant's wife. All of the items were paid by appellant out of his own funds before the death of his wife. It is conceded that there are ample funds in the estate to pay the claim of appellant and all other claims filed and all obligations of the deceased and her estate and all expenses of administration. The only question to be answered on this appeal is whether, under the statutes of Iowa and the decisions of this court, the appellant is entitled to reimbursement from the estate for the money paid by him for the expenses of the last sickness of his wife. The matter of funeral expenses is not involved herein and will not be discussed except as it may, by analogy or connection, bear upon the liability of a husband for the expenses of his wife's last sickness. It is our conclusion that under these statutes and decisions, and under the record before us, the court erred in sustaining the motion to strike and dismissing appellant's claim.

I. At common law there arose out of the marital relation the duty and obligation of the husband to provide for his wife,

during health and sickness, those things reasonably suitable and necessary for her comfort and well-being, which were in keeping with his station in life, fortune, and earning power. He was entitled to such personal property as she brought him, and to her service. As a general rule, neither the wife nor such estate as she might leave was legally liable for such necessaries.

Most, and perhaps all of the states, have enacted married-women's acts and other so-called emancipatory legislation, greatly enlarging the common-law rights of the wife with respect to separate business and occupation, the right to contract, the acquisition, ownership, control, and alienation of property, the right to sue and be sued, and other matters. With this enlargement of rights has also come enlargement of duties and obligations. Iowa early enacted such legislation.

In several of the states the courts have held that this legislation has not abrogated the common-law responsibility of the husband above noted, nor relieved him of the liability of supporting his wife and providing her with reasonable necessaries, which, of course, include the services required in the last sickness. It is, and has been, the uniform holding of these courts that since the husband is primarily liable for the expenses of the last illness of the wife, and her estate is, at most, but secondarily liable, the husband, who has paid for these services, is not entitled to reimbursement therefor from the estate of the wife, even though the assets thereof are sufficient to do so. Without attempting to note all of the courts or all of the decisions, we call attention to the following: Moulton v. Smith, 16 R. I. 126, 12 A. 891, 27 Am. St. Rep. 728; Stonesifer v. Shriver, 100 Md. 24, 54 A. 139; Bliss v. Bliss, 133 Md. 61, 74, 104 A. 467, 472; Barnes v. Starr, 144 Md. 218, 124 A. 922, 34 A. L. R. 809; Anderson v. Carter, 175 Md. 540, 2 A. 2d 677; In re Wilson's Estate, 160 Okla. 23, 15 P. 2d 825; Brogden v. Baugh, 176 Okla. 339, 55 P. 2d 994–997 (held services were not for last sickness); In re Wagner's Estate, 178 Okla. 384, 62 P. 2d 1186, 1191; Earnest v. Earnest, 187 Okla. 258, 102 P. 2d 602, 603; Estate of Phalen, 197 Wis. 336, 222 N. W. 218; In re Huebner's Will, 138 Misc. 101, 244 N. Y. Supp. 764 (where no agreement that the wife's estate was to be liable); Phillips v. Tribbey, 82 Ind. App. 68, 141 N. E. 262, 144 N. E. 145; Manor

v. Manor, Ind. App., 51 N. E. 2d 898; 899; In re Koretzky's Estate, 180 Misc. 108, 40 N. Y. S. 2d 928; Greenhouse's Estate, Pa. Orph., 57 Montg. Co. L. Rep. 360; Sanderson v. Niemann, 17 Cal. 2d 563, 110 P. 2d 1025; Pfeiffer v. Sheffield, 64 Ohio App. 1, 27 N. E. 2d 494; McClellan v. Filson, 44 Ohio St. 184, 5 N. E. 861, 58 Am. Rep. 814 (the wife's estate was held liable for the expenses of the wife's last sickness, but upon the ground that she had contracted the debts); Trotter v. Minnis, 199 Ark. 924, 136 S. W. 2d 463; Beverly v. Nance, 145 Ark. 589, 224 S. W. 956; Geer's Estate, Pa. Orph., 20 Erie Co. L. J. 397; In re Lage's Will, 167 Misc. 636, 4 N. Y. S. 2d 474; In re Burt's Will, 254 App. Div. 584, 3 N. Y. S. 2d 70 (so far as commensurate with husband's means); Batts v. Batts, 198 N. C. 395, 151 S. E. 868; Bowen v. Daugherty, 168 N. C. 242, 84 S. E. 265, Ann. Cas. 1917B, 1161; Hayes v. Gill, 226 Mass. 388, 115 N. E. 492 (wife's estate held liable to husband for funeral expenses, and for expenses of her last sickness which he paid after her death, but not liable for expenses of last sickness which he had paid before her death); Jenks v. Lang, 302 Mass. 409, 19 N. E. 2d 705–707 (held that expenses of wife's last sickness paid by husband prior to her death were not recoverable from her estate); In re Weringer's Estate, 100 Cal. 345, 34 P. 825; Galloway v. Estate of McPherson, 67 Mich. 546, 35 N. W. 114, 11 Am. St. Rep. 596; Carpenter v. Hazelrigg, 103 Ky. 538, 45 S. W. 666, 667; Towery v. McGaw, 22 Ky. L. Rep. 155, 56 S. W. 727, 728; Palmer v. Turner, 241 Ky. 322, 43 S. W. 2d 1017; Schlotterback v. Ort, 103 Ind. App. 124, 5 N. E. 2d 678 (in this the wife had made her estate liable for expenses of burial and last sickness by testamentary direction). See, also, 27 Am. Jur., Husband and Wife, section 462.

It would serve no purpose to analyze these cases nor the pertinent statutory legislation. We have read the cases and the decisions are based upon public policy, the common law, or upon statutes which the courts have construed not to absolve the husband from his common-law liability. Typical of some of these statutes and the construction thereof is section 1255, Oklahoma statute, 1931 [58 Okla. Stat. 1941, section 591], which provides the debts of the estate must be paid in the following

order: 1. funeral expenses; 2. expenses of last sickness, etc. Of it the court said:

"The purpose of section 1255, O. S. 1931, is to establish priority of legal enforceable debts against the estate of a deceased person, *and does not create liability."* (Italics ours.) Brogden v. Baugh, supra, 176 Okla. 339, 342, 55 P. 2d 994, 997.

The word "debt" in such a statute refers, of course, to obligations of the wife or estate, and cannot, therefore, include the expenses of her last sickness, which those courts hold as a "debt" of the surviving husband or of his estate.

In speaking of these decisions, the Missouri Court of Appeals, in Reynolds v. Rice, 224 Mo. App. 972, 976, 27 S. W. 2d 1059, 1061, said:

"We are confronted by a contrariety of opinion and conflict of decisions from other jurisdictions, the value and weight of which depend on the reasons assigned, as well as the character of the various statutes and the declared policy of the several states. It would be a useless encumbrance to review in detail the various cases relied upon, and to examine the statutes to which reference is made, note differences, compare them, and the reasoning in the opinions, for the purpose of determining the sounder rule of decision. We shall give attention to our statutes of administration said to be applicable, and the effect, if any, of the married women's acts."

This is the proper approach to the question before us.

Under legislation passed many years ago in Iowa, the husband has been relieved of his sole liability for family expenses. Section 10459, Code of 1939, is as follows:

"Family expenses. The reasonable and necessary expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately."

It has come down, in substance, through the various Codes since the Code of 1851. While the section provides that the husband and wife may be sued jointly or separately, they are

not joint debtors. In a per curiam opinion, Vest v. Kramer, Iowa, 114 N. W. 886, 14 L. R. A., N. S., 1032, we said:

"In our opinion the liability of the defendant is not that of a mere surety for her husband. The statute makes the property of both equally liable for the payment of such family expenses. Code, §3165 [1897]. As between them and the creditor both are liable as principals, and the discharge of one does not necessarily work the discharge of the other. While both are liable for the same debt, and payment by one operates as a discharge pro tanto of the other, they are not joint debtors. There is no joint promise or joint contract. The liability of one is contractual, while the liability of the other is purely statutory."

Both are equally bound for such debts. See, also, Skillman v. Wilson, 146 Iowa 601, 603, 604, 125 N. W. 343, 140 Am. St. Rep. 295; McCartney & Sons Co. v. Carter, 129 Iowa 20, 23, 105 N. W. 339, 3 L. R. A., N. S., 145; and Sager, Sweet & Edwards v. Risk, 190 Iowa 207, 212, 180 N. W. 299, 13 A. L. R. 1393. In each of the two latter cases the liability of the wife for family expense is stated to be solely because of the aforesaid statutory section. Of course, under the statutes of Iowa, the wife may contract with a third person as freely as her husband may, and she may, therefore, also bind herself *by contract* for family necessaries.

In speaking of the effect of said section upon the common-law liability of the husband for family expenses, the court, in Johnson v. Barnes, 69 Iowa 641, 644, 29 N. W. 759, 760, said:

"As we understand, the rule that the father is primarily liable for the support of his infant children is based on the ground that the personal property of the wife and mother, in the absence of a statute, upon the marriage became absolutely his. The reason upon which this rule is based has ceased to exist in this state, and a married woman may acquire and hold property, both real and personal, in the same manner as her husband can, and the same may be held by her exempt from the debts of her husband. [Citing statutes.] This being so, it may be doubtful whether this rule should have force and effect in this state. Especially is this so when the following statute is taken into

consideration. [Quoting section 10459, Code of 1939, as it appeared in section 2214 of the Code of 1873.]"

Because of the relation above noted of the husband and wife to obligations for family expenses, this court has held that if either spouse uses, or permits the use of, his or her individual property for the purchase of family necessaries, without an agreement for repayment, the one whose property is so used cannot recover it in an action against the other spouse or against his or her estate. Appellee relies strongly upon this rule and cites in support thereof the following decisions: Courtright v. Courtright, 53 Iowa 57, 4 N. W. 824; Vandercook v. Gere, 69 Iowa 467, 29 N. W. 448; Hanson & Myer v. Manley, 72 Iowa 48, 33 N. W. 357; Hayward v. Jackman, 96 Iowa 77, 64 N. W. 667; Patterson v. Hill, 61 Iowa 534, 16 N. W. 599; Porter v. Goble & Co., 88 Iowa 565, 55 N. W. 530; McElhaney v. McElhaney, 125 Iowa 279, 101 N. W. 90; In re Estate of Rule, 178 Iowa 184, 159 N. W. 699; Aldrich v. Tracy, 222 Iowa 84, 269 N. W. 30; Heacock v. Heacock, 108 Iowa 540, 79 N. W. 353, 75 Am. St. Rep. 273; Aultman Engine & Thresher Co. v. Greenlee, 134 Iowa 368, 111 N. W. 1007.

Not one of these decisions aids the appellee in any way nor has any application to the appellant's claim. Several of them have no application for specific reasons pertinent to those particular cases, but none of them is applicable for the reason that in none of them was the money or property sought to be recovered expended in payment of services rendered, or medicine or materials furnished in the last sickness of either spouse. If the appellant were in court seeking reimbursement for groceries, meat, clothing, or general household necessaries brought into the home, he would not have a case and the order of the trial court would have been right. He is in court seeking reimbursement for family expense, but it is a particular kind of family expense—expense for the last sickness of his deceased wife. This distinction is noted in Skillman v. Wilson, supra, 146 Iowa 601, 604, 125 N. W. 343, 140 Am. St. Rep. 295. The opinion reannounces the rule contended for by the appellee herein, but declined to apply it because the expenses for which reimbursement was asked *were charges of the last sickness*. The control-

ling statutory section is not section 10459, upon which appellee relies, but section 11969, of the Code of 1939, which is as follows:

"Expenses of funeral—allowance to widow. As soon as the executor or administrator is possessed of sufficient means over and above the expenses of administration, he shall pay off the charges of the last sickness and funeral of the deceased * * *."

The executrix is possessed of ample funds to pay the expenses of administration and the charges of the last sickness. She has refused to pay them because, as she says, those who furnished the services and things for which the charges were made have already been paid and the statutory obligation of the estate has thereby been satisfied. It was necessary, no doubt, that the services be paid promptly upon being rendered. Hospitals and nurses usually insist upon that. It is apparent from the report of the executors that Mrs. Truax did not have the cash available to pay these expenses. In any event, it was proper that the husband then pay them. At that time both he and his wife were equally liable for their payment. But this does not mean that in the event of her death from the ailment afflicting her, her estate should not bear the ultimate burden of these expenditures. That is the plain mandate of the statute. It does not mean that the husband or any other person who may have properly paid them shall not be reimbursed by the estate. If such other person had paid them, no one would doubt the duty of the estate to reimburse him. To say that the same duty is not owing to the husband who has paid them is to read something into the statute which clearly is not there. Of a similar situation, in which the appellate court reversed the trial court for not allowing reimbursement to the husband from the wife's estate for her funeral expenses which he had paid, Justice Holmes, in Constantinides v. Walsh, 146 Mass. 281, 282, 15 N. E. 631, 633, 4 Am. St. Rep. 311, said:

"There is no technical difficulty in a husband's imposing a liability upon his wife's executor after her death. If it was not the plaintiff's legal duty to do what he did, nevertheless we are of opinion that he stood on no worse ground than a stranger would have done. A stranger could have recovered against the

estate of a man, if he was justified in intermeddling. * * * And formerly, in the case of a married woman, he could have recovered against her husband. [Citing cases.] Undoubtedly he could now recover against her estate. If so, the husband can.''

The appellee argues:

''Whatever claim appellant has against his wife's estate arises out of the voluntary payment thereof before it became known that they were for her last sickness. She was still living when the payment was made. The relationship of husband and wife still existed. * * * No one at the time of the payment of the claims listed by appellant knew that his wife was going to die.''

This is not any answer to appellant's claim. It oftentimes happens that it is not known, and it is not anticipated, that the one being cared for is sick for the last time, but that fact does not nullify the mandate of section 11969. Whether the husband paid the expense of the last sickness of his wife before or after she died is of no materiality. The duty of paying these expenses is the primary and ultimate obligation of his wife's estate. Appellant relies upon the holding of this court in Skillman v. Wilson, supra, 146 Iowa 601, 603, 125 N. W. 343, 344, 140 Am. St. Rep. 295. Appellee says that ''case is somewhat involved and lacking in clarity.'' It appears to us to be clearly decisive of this appeal. In that case the wife died testate and childless, leaving an insane husband, and collateral heirs, among whom she divided her property. Over a year after her death the guardian of her surviving husband filed a claim against her estate alleging that claims had been filed against the estate for expenses incurred in her last sickness, which the executors had failed to act upon, and that demand for their payment had been made upon him as guardian. He alleged that the estate was amply sufficient to pay the claims, and he prayed that these claims be allowed him as contingent claims, under section 3343 of the Code of 1897, ''and that there be returned to him such amounts as shall be paid by him in the settlement and satisfaction of the claims filed against the estate of the deceased.'' In other words, the guardian of the husband asked the court to determine whether the husband or the wife's estate was primarily liable

for the expenses of her last sickness and of her burial. Later the husband died and his administrator was substituted. In a well-considered opinion, written by Justice Ladd and concurred in by Justices Weaver, Sherwin, and Evans, the court construed section 3347, Code of 1897 (section 11969, Code of 1939), and held that the liability of the wife's estate to pay these expenses was primary, and that the claims should have been established as contingent claims against the estate. The court said:

"Both husband and wife are dead, the latter first having departed this life, and the sole question presented on this appeal is whether, assuming the estate left by each to be ample to satisfy all claims for the expenses of last sickness and funeral of the wife, the husband in his lifetime, or the administrator of his estate, may have established in his favor the amount of such expenses as a contingent claim against the estate of the wife. * * * But for section 3347 of the Code, then, the obligations of the husband were such that upon payment of the expenses of the last sickness and funeral of his wife unless as administrator of her estate, claim therefor might not be established against her estate. * * * Thereby preference is given over all ordinary debts, taxes, and the like, and, *regardless of the relative obligations of the living or that of the husband at the common law*, the duty of meeting these expenses is especially imposed upon the executor of every deceased person. * * * The statute quoted makes it obligatory on executors and administrators of estates having sufficient means to meet both the charges of the last sickness and of the funeral of a deceased person. Neither necessarily depends on the contract of deceased or others but may rest on this statute. While the expenses of last sickness differ from those of funeral in that they are rendered during the life of the person on whose estate they are made a charge, the necessity for their rendition is similar to the latter * * *. Cunningham v. Lakin, 97 Pac. (Wash.) 448. The legislative design in enacting the statute quoted was to assure to every person care in his last sickness and appropriate burial by declaring the charges therefor, preferred claims and exacting their payment as soon as funds enough to satisfy them, come into the possession of his personal

representative. It is mandatory in form. It contains no dis-
crimination as between creditors to whom such charges may be
owing and the duty to pay is declared independently of any
obligation which may exist on the part of others. Its language
obviates the inference otherwise to be drawn that it was intended
merely to declare a preference as between claims against the
estate. As seen, it may be deemed the basis for the allowance of
such expenses, and we are of the opinion that the legislative intent
was to impose on the estate of every deceased person a primary
liability for the charges of the last sickness and funeral. If so,
the obligation of either husband or wife therefor is secondary
thereto in character, and, in event of payment by either, such
charges may be established as claims against the estate of the
deceased. This construction is not only reasonable, but is well
calculated, in a case like this, where both husband and wife are
dead, and each has left an ample estate, to protect the property
of the one against the unseemly efforts of the heirs or devisees of
the other to evade the satisfaction of the reasonable charges of
the last sickness and funeral from the estate of the decedent under
whom they take. The claims should have been established as con-
tingent claims against the estate.''

In a dissenting opinion by Justice McClain, joined in by
Justice Deemer, fears were expressed that the majority opinion
would introduce a new rule in actions by the husband for in-
juries causing the death of the wife. The basis for any such
fears was removed by chapter 163 of the Laws of the Thirty-
fourth General Assembly (section 3477-a, 1913 Code Supple-
ment) re-enacted and appearing in section 3477-a, 1915 Supple-
ment to the 1913 Code Supplement, since re-enacted and ap-
pearing as section 10991.1 (amended by chapter 297, Acts of
the Forty-ninth General Assembly) of the Code of 1939.

Under these sections any woman, single or married, and re-
gardless of whether the latter had an occupation separate and
independent of that of housewife for her husband, injured by
the negligence or wrongful act of another, could and can re-
cover for loss of time, *medical attendance,* and other expenses
incurred as a result thereof, in addition to any elements of
damages recoverable by common law. If she dies from the injury,

her administrator may sue for like recovery. Her husband may not recover for these elements of damage.

In Ege v. Born, 212 Iowa 1138, 1148, 236 N. W. 75, we expressly reaffirmed the holding in the Skillman case that the estate of a married woman was primarily liable for her funeral expenses. And in Harter v. Harter, 181 Iowa 1181, 1184, 165 N. W. 315, the administrator of the wife's estate had not credited the husband with money which he had paid for the expenses of his wife's last sickness and burial. We held that he was entitled to such credit.

In Smith v. Eichner, 124 Wash. 575, 577, 215 P. 27, 28, the husband brought action against the executor of his wife's estate to recover money expended by him for "medical treatment, hospital services and nurse hire during her last sickness." Judgment dismissing his claim was reversed. The court said:

"While it was the appellant's duty to furnish the services to his wife during her lifetime, yet inasmuch as we have held the estate to be primarily liable, he is entitled to reimbursement. If appellant had not paid these expenses, the estate would have been liable for them. By paying them and taking an assignment of them as claims against the estate, the appellant did not make them his primary debt, nor relieve the estate of its obligations to pay them." Citing Cunningham v. Lakin, 50 Wash. 394, 97 P. 447, and Butterworth v. Bredemeyer, 74 Wash. 524, 133 P. 1061.

There is a like holding in Parsons v. Tracy, 127 Wash. 218, 220 P. 813, 814 (expenses of last sickness), and in Smith v. Saul, 128 Wash. 51, 221 P. 977 (funeral expenses). See, also, Glenn v. Gerald, 64 S. C. 236, 42 S. E. 155, and In re Johnson's Estate, 198 S. C. 526, 18 S. E. 2d 450.

The appellant cites Schneider v. Breier's Estate, 129 Wis. 446, 109 N. W. 99, 6 L. R. A., N. S., 917 (funeral expenses); McClellan v. Filson, 44 Ohio St. 184, 5 N. E. 861, 58 Am. Rep. 814; and Petition of Johnson for an Opinion of the Court, 15 R. I. 438, 8 A. 248 (funeral expenses); but these do not aid him, as the later decisions of those courts, to wit, Estate of Phalen, 197 Wis. 336, 222 N. W. 218–220; Pfeiffer v. Sheffield, 64 Ohio App. 1, 27 N. E. 2d 494; and Moulton v. Smith, 16 R. I. 126, 12 A. 891,

27 Am. St. Rep. 728, all cited herein, hold that the husband cannot be reimbursed out of the wife's estate for expenses of her last sickness paid by him.

We have no inclination to depart from the decision of the court in Skillman v. Wilson, supra, and the later decisions reaffirming it. It was announced over thirty-four years ago and the many legislatures that have met in the intervening years have not seen fit by legislation to disagree with the court's construction of section 3347, Code of 1897 (section 11969, Code of 1939).

The contention of the appellee that an allowance of appellant's claim would be against public policy is without merit. We look to the constitution, statutes, and ordinances for our written public policies, and our unwritten public policies rest largely in judicial judgment and public opinion. It has been stated that public policy:

"In substance * * * may be generally said to be the community common sense and common conscience extended and applied throughout the state to matters of public morals, public health, public safety, public welfare, and the like." Kintz v. Harriger, 99 Ohio St. 240, 246, 124 N. E. 168, 169, 12 A. L. R. 1240.

If the appellant establishes his claim, its allowance will be in keeping with public policy, and certainly there can be no inequity in using the funds of the estate to reimburse a husband who used $3,272.16 of his money to attempt to restore his wife to health, instead of giving that amount to collateral heirs.

The trial court's order of dismissal is therefore reversed and the cause is remanded to the district court for further proceedings in conformity with our decision herein.—Reversed and remanded.

All Justices concur.